IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARCIA HUGHES CLEVELAND, )<br><br>Plaintiff, )<br><br>v. )<br><br>MICHAEL CHERTOFF, Secretary, )<br> U.S. Department of Homeland Security, )<br><br>Defendant. ) | Civil Action No. 05-1709 (GK) |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

Defendant Michael Chertoff, Secretary, United States Department of Homeland

Security, respectfully moves the Court, pursuant to Rules 8(a), 12 (b)(1) and 12(b)(6) of

the Federal Rules of Civil Procedure, for an order dismissing all of Plaintiff's claims in

this action on the grounds that Plaintiff has failed to set forth a short and plain statement

of each of her claims, that the Court lacks subject-matter jurisdiction over certain of

Plaintiff's claims, and that certain of the claims fail to state a claim upon which relief can

be granted. Alternatively, Defendant moves the Court for an order that the Plaintiff

amend her complaint to make a more definite statement of her claims. In support of this

Motion, Defendant submits the attached memorandum of points and authorities and a

proposed order.

Respectfully submitted,

KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

Of Counsel:

CAROLYN D. JONES
Associate Legal Advisor
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement
166 Sycamore Street, Suite 200
Williston, VT 05495
(802) 288-7644

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARCIA HUGHES CLEVELAND,<br><br>    Plaintiff,<br><br>      v.<br><br>MICHAEL CHERTOFF, Secretary,<br>U.S. Department of Homeland Security,<br><br>    Defendant. | Civil Action No. 05-1709 (GK) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

### INTRODUCTION

Plaintiff Marcia Hughes Cleveland's confusing and prolix Complaint consists of thirty-seven pages without numbered paragraphs, which catalogs a variety of events she describes as "Background," but never bothers to identify the specific claims being advanced in this lawsuit.  Instead, the Complaint consists of vague, rambling and often repetitive assertions.  While the Complaint does not contain a jurisdictional statement, it does contain various unexplained acronyms and extraneous material.  For example, Plaintiff has also inserted into the body of her Complaint a number of e-mails concerning incidents that allegedly occurred in the workplace.  See Compl. at 9-22, 33-34.

Although not clearly stated, this case seems to be a Title VII action, as Plaintiff notes on page one of her Complaint that she had "filed an EEO complaint" and her allegations, for the most part, seem to be concerned with alleged employment discrimination.  The Complaint also discusses various other issues, including

Defendant's alleged failure to make payments on Plaintiff's student loan, Compl. at 1, 22-24, and other random sorts of allegations. Plaintiff's request for remedies is set forth at pages 35-37 of the Complaint; much of the requested relief is not provided for under Title VII. In addition, Plaintiff's Complaint does not indicate whether she exhausted her administrative remedies prior to filing the Complaint.

Because Plaintiff's Complaint is so difficult to understand and seems to raise claims for which the Court lacks subject-matter jurisdiction, the Complaint should be dismissed.

## I.    ARGUMENT

### A.    Legal Standard of Review for Motion to Dismiss

Defendant moves to dismiss Plaintiffs' Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Requests for dismissal for lack of jurisdiction over the subject matter pursuant to 12(b)(1) and failure to state a claim pursuant to 12(b)(6) require somewhat different standards of review. "In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v. Capitol Police Board, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, Dep't. of Labor, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citations omitted), affirmed, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S. Ct. 35 (2004). In addition, "[o]n a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter

2

jurisdiction by a preponderance of the evidence." <u>Thompson</u>, 120 F. Supp. at 81.

Similarly, a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) may be granted if it is beyond doubt that a plaintiff can demonstrate no set of facts that supports her claim for relief. <u>See</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Sparrow v. United Air Lines, Inc.</u>, 216 F.3d 1111, 1117 (D.C. Cir. 2000). The Court is to treat the Complaint's factual allegations as true, see <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163, 164 (1993), and must grant Plaintiff "the benefit of all inferences that can be derived from the facts alleged," <u>Schuler v. United States</u>, 617 F.2d 605, 608 (D.C. Cir. 1979). However, "the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by the facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions." <u>Akintomide v. United States</u>, 99-MS-0055 (PLF), 2000 WL 1693739, at *1 (D.D.C. Oct. 31, 2000) (citing <u>National Treasury Employees Union v. United States</u>, 101 F.3d 1423, 1430 (D.C. Cir. 1996); <u>Kowal v. MCI Communication Corp.</u>, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

While a complaint filed by a <u>pro se</u> litigant such as Ms. Cleveland is held to a less stringent standard than a pleading drafted by a lawyer, <u>pro se</u> litigants still must comply with the Federal Rules of Civil Procedure. <u>United States v. Funds from Prudential Securities</u>, 362 F.Supp.2d 75, 82 (D.D.C. 2005) (citing <u>Jarrell v. Tisch</u>, 656 F.Supp. 237, 239 (D.D.C. 1987), which was cited with approval in <u>Moore v. USAID</u>, 994 F.2d 874, 876 (D.C. Cir. 1993)). Applying these various legal standards demonstrates that Plaintiff's Complaint should be dismissed.

3

**B.  The Complaint should be dismissed under Fed. R. Civ. P. Rule 12(b)(1) for lack of subject matter jurisdiction.**

Rule 8(a) requires, <u>inter alia</u>, "a short and plain statement of the grounds upon which the court's jurisdiction depends . . . ."  This is especially important when applied to lawsuits against the government because it is well-settled that the United States, as sovereign, "is immune from suit save as it consents to be sued, and the terms of consent to be sued in any court define that court's jurisdiction to entertain the suit." <u>United States v. Sherwood</u>, 312 U.S. 584, 586 (1941); <u>United States v. Testan</u>, 424 U.S. 392, 399 (1976).  Thus, a waiver of sovereign immunity is a jurisdictional prerequisite to maintaining a lawsuit against the Federal government.  <u>United States v. Mitchell</u>, 463 U.S. 206 (1983); <u>United States v. Shaw</u>, 309 U.S. 495, 500-01 (1940).[1]

It is not enough for Plaintiff merely to state that she has been aggrieved.  She must identify a cause of action under which she can bring suit.  Where the Federal government waives its immunity from suit, "limitations and conditions upon which the Government consents to be sued must be strictly observed, and exceptions thereto are not to be implied." <u>Lehman v. Nakshian</u>, 453 U.S. 156, 160-61 (1981) ("a waiver of [sovereign] immunity . . . must be 'unequivocally expressed'"). <u>See also</u> <u>United States v. Nordic Village</u>, 503 U.S. 30, 33-34 (1992).  In addition, "[o]n a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." <u>Thompson v. Capitol Police Board</u>, 120 F. Supp. 2d 78, 81 (D.D.C. 2000), <u>affirmed</u>, 22 Fed. Appx. 14 (D.C.

---

[1] While in general Plaintiff's Complaint appears to raise claims that would fall under Title VII's waiver of sovereign immunity, some of the claims and requested relief do not appear to fall within Title VII's reach.

4

Cir. 2001). While the Complaint is subject to dismissal under Rule 12(b)(1) of the

Federal Rules of Civil Procedure, as it contains no authority as to this Court's basis of

subject matter jurisdiction, more significantly, it appears that the Court lacks jurisdiction

to award many of the remedies Plaintiff seeks in this case and there is no clear

connection between the allegations Plaintiff makes and her requested relief.

    To the extent that the Complaint is construed as a Title VII action, Plaintiff, if

successful, would be entitled only to such relief as would make her whole for injuries she

suffered as a result of certain sorts of employment discrimination by the Defendant. See

Albermarle Paper Company v. Moody, 422 U.S. 405, 418-419 (1975); Frank v. Bowen

Transportation Company, 424 U.S. 747, 784 (1976).[2] As part of her claim for relief,

however, Plaintiff seeks: "to be a prominent member of the IT Business Council or the

equivalent;" the ability to reinstate her EEO complaint should the Defendant fail to

provide her with certain forms of relief; requests that she receive future performance

appraisals which are "the highest rated performance appraisal and excellent performance

ratings;" requests back interest in the amount of $1,500 under the student loan repayment

program; requests a faster laptop computer; requests that "all employees throughout

OCIO [be] equally afforded the opportunity for promotion and advancement;" and seeks

"Individual Development Plans for all OCIO employees." Compl. at 35-37 (emphasis

_____

    [2] To the extent that Plaintiff seeks in excess of Title VII's $300,000 statutory cap, such claims for relief must be dismissed. It is settled that Defendant's liability is capped by statute at $300,000, regardless of the number of claims in Plaintiffs' Complaint. Fogg v. Ashcroft, 254 F.3d 103 (D.C. Cir. 2001); 42 U.S.C. § 1981a(a)(1), (b)(3).

added).[3] Plaintiff has identified no legal authority for the Court to award such relief.

Moreover, under Title VII, none of these claims for relief would serve to put Plaintiff in

such a position as she would have been, had she not suffered the alleged discrimination.

Therefore, the aforementioned claims for relief should be dismissed or stricken from the

Complaint.

### C. To the extent that the Complaint is construed as advancing claims under Title VII, it should be dismissed under Fed. R. Civ. P. 12(b)(6) because the alleged wrongs complained of, even if true, cannot constitute adverse personnel actions.

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) may

be granted if it is beyond doubt that a plaintiff can demonstrate no set of facts that

supports her claim for relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Sparrow

v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000). Plaintiff is not required

to establish a prima facie case of employment discrimination in order to survive a motion

to dismiss. See Swierkiewicz v. Sorema, 534 U.S. 506, 515 (2002) (involving

discriminatory demotion and termination allegations); Sparrow, 216 F.3d at 1113

(involving discriminatory failure to promote and termination allegations). Nevertheless,

the district court may explore the Plaintiff's prima facie case at this stage, see Rochon v.

---

[3] To the extent that Plaintiff is seeking relief for employees other than herself, see Compl. at 35-37 (at times requesting relief for "all employees"), she lacks Constitutional standing to raise such claims. It is settled that in order to establish standing under Article III of the Constitution, Plaintiff must clearly demonstrate that she has: (1) suffered an injury in fact, an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) which is fairly traceable to the challenged act; and (3) which is likely to be redressed by a favorable decision. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 102-103 (1998); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1993); National Treasury Employees Union v. United States, 101 F.3d 1423, 1427 (D.C. Cir. 1996). Plaintiff cannot go forward with a claim that someone else was injured.

Ashcroft, 319 F.Supp.2d 23, 29 (D.D.C. 2004), appeal pending, (granting the defendant

employer's motion to dismiss a Title VII retaliation claim for, inter alia, lack of an

allegation amounting to a legally cognizable adverse action), in order "to probe whether

the plaintiff can ever meet his initial burden to establish a prima facie case." Id. at 29; see

also Brooks-Miller v. England, 357 F.Supp.2d 197, 201 n. 2 (D.D.C. 2004) (granting the

defendant employer's motion to dismiss a Title VII retaliation claim because, inter alia,

the plaintiff's lateral transfer to a front desk position did not amount to a legally

cognizable adverse action). This is because "litigants may plead themselves out of court

by alleging facts that establish [the] defendants' entitlement to prevail." Rochon, 319

F.Supp.2d at 29.  Also, while Title VII plaintiffs do not need to set forth the prima facie

case as to each count to survive a motion to dismiss for failure to state a claim, they must

present facts that would establish the elements of each claim.  Major v. Plumbers Local

Union No. 5, 370 F.Supp.2d 118, 128-29 (D.D.C. 2005).  The Court may therefore assess

the facts that the Plaintiff has alleged in her Complaint and conclude that unlike the

demotion, failure to promote, and termination allegations at the heart of the plaintiffs'

claims in Swierkiewicz and Sparrow, the types of allegations that Plaintiff makes here--

even when assumed to be true--do not amount to any legally cognizable adverse actions

and therefore would not enable her to establish a prima facie case under Title VII.

In fact, many of the allegations contained in Plaintiff's Complaint, even if true,

are not adverse actions and thus should be dismissed under Rule 12(b)(6).  To establish a

prima facie case of discrimination under Title VII, a plaintiff must allege that (1) she is a

member of a protected class; (2) she suffered an adverse employment action; and (3) the

unfavorable action gives rise to an inference of discrimination.  Brown v. Brody, 199

7

F.3d 446, 452, 455 (D.C. Cir. 1999).  See also McDonnell Douglas Corp. v. Green, 411

U.S. 792, 802 (1973); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-

53 (1981).  Similarly, to prevail on a claim for retaliation, a plaintiff must demonstrate

that: (1) she engaged in a statutorily protected activity, (2) the employer took an adverse

personnel action involving her; and (3) a causal connection existed between her activity

and the employment decision.  Brody, 199 F.3d at 452; Taylor, 350 F.2d at 1292.

        To establish that she suffered an adverse employment action, Plaintiff must show

"some . . . materially adverse consequences affecting the terms, conditions, or privileges

of [his] employment or future employment opportunities such that a reasonable trier of

fact could conclude that the plaintiff has suffered objectively tangible harm."  Brody, 199

F.3d at 457.  This Circuit has noted that the Supreme Court has defined a "tangible

employment action" as "a significant change in employment status, such as hiring, firing,

failing to promote, reassignment with significantly different responsibilities, or a decision

causing a significant change in benefits."  Id. at 456 (citing Burlington Industries, Inc. v.

Ellerth, 524 U.S. 742, 761 (1998)); Taylor v. Small, 350 F.3d 1286, 1293 (D.C. Cir.

2003) (same).  "Mere idiosyncracies of personal preference are not sufficient to state an

injury."  Id.  Furthermore, "minor changes in work-related duties or opportunities do not

constitute an actionable injury unless they are accompanied by some other adverse

change in the terms, conditions or privileges of employment."  Stewart v. Evans, 275

F.3d 1126, 1135 (D.C. Cir. 2002) (holding that to establish adverse employment action in

absence of dimunition in pay or benefits, plaintiff must show that tangible change in

duties or working conditions constitute a material employment disadvantage); Burke v.

Gould, 286 F.3d 513 (D.C. Cir. 2002).  See also Lester v. Natsios, 290 F.Supp.2d 11, 27-

8

30 (D.D.C. 2003), appeal dismissed, 2004 WL 287128 (D.C. Cir. 2004) (holding that excessive scrutiny, denial of training opportunity, and allegedly unreasonable work assignments were not adverse actions). Similarly, dissatisfaction with duties, work assignments and even dissatisfaction with lateral reassignments were not actionable. Id. at 28 (citing Forkkio v. Powell, 306 F.3d 1127, 1130-31 (D.C. Cir. 2002)).

Here, Plaintiff mentions a variety of actions in the "BACKGROUND" section of her Complaint that, even if true, cannot go forward. For example, Plaintiff mentions that she was reprimanded for going outside the chain of command, Compl. at 1, 21; complains about her work schedule, Compl. at 5-6, 8, 30-33; alleges that her supervisor called her "girl," Compl. at 5-6, 26; states that Defendant reminded her of the core duty hours for employees, Compl. at 21-22; claims that someone left a message on her cell phone that she reported to the police, Compl. at 24-25; says that management asked her to provide medical documentation regarding her back surgery, Compl. at 25-26; alleges that she was reassigned from one section to another, Compl. at 29-30; and claims that Defendant laterally placed an employee in a supervisory position without advertising the vacancy, Compl. at 34. Even if true, these alleged actions are not adverse and thus should be dismissed.

**D.**     **Plaintiff's Complaint should be dismissed for failure to comply with Fed. R. Civ. P. 8(a) or, alternatively, Plaintiff Should Be Required to File a More Definite Statement.**

Plaintiff's Complaint, with its attachments, is approximately 2 inches thick. The Complaint itself contains no paragraph numbering, but instead is replete with vague and conclusory assertions not grounded in fact or law. It is not at all clear what specific claims Plaintiff is advancing in this case. For example, Plaintiff mentions a personal

9

phone call she received, Compl. at 24, and a worker compensation claim, Compl. at 28.

It is unclear what relation, if any, these have to her requested relief. Even more

fundamentally, pages 1 through 34 of the Complaint are entitled "DISCOVERY/

BACKGROUND," indicating that the section does not contain claims she is advancing in

this lawsuit.[4] Defendant thus is left to speculate about what claims are actually before the

Court in this case, whether those claims are being raised pursuant to Title VII, and

whether, if so, those claims were exhausted administratively.

Under the Federal Rules, the principal function of the Complaint is to give the

Defendant fair notice of the claims asserted so that the Defendant can make an adequate

response, either by answer or dispositive motion. Here, the Complaint fails to meet these

requirements.

Rule 8(a), Fed. R. Civ. P., states that a claim:

> [S]hall contain (1) a short and plain statement of the grounds upon which
> the court's jurisdiction depends, unless the court already has jurisdiction
> and the claim needs no new grounds of jurisdiction to support it, (2) a
> short and plain statement of the claim showing that the pleader is entitled
> to relief, and (3) a demand for judgment for the relief the pleader seeks.

Id. Similarly, Rule 10(b), Fed. R. Civ. P., requires that:

> All averments of claim or defense shall be made in
> numbered paragraphs, the contents of each of which shall
> be limited as far as practicable to a statement of a single set
> of circumstances; and a paragraph may be referred to by
> number in all succeeding pleadings. Each claim founded
> upon a separate transaction or occurrence and each defense
> other than denials shall be stated in a separate count or
> defense whenever a separation facilitates the clear

---

[4] On page 35, the Complaint states "END OF DISCOVERY/BACKGROUND"
and proceeds immediately to the relief requested; thus, it is unclear why Plaintiff thinks
she is entitled to that relief.

10

presentation of the matters set forth.

Id.  "The purpose of [Rule 8(a)] is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of *res judicata* is applicable."  Brown v. Califano, 75 F.R.D. 497, 498 (D.D.C. 1977) (citing 2A Moore, Federal Practice ¶ 8.13; 5 Wright & Miller, Federal Practice and Procedure, § 1217).  "Beyond this, the rule serves to sharpen the issues to be litigated . . . ."  Brown, 75 F.R.D. at 498 (dismissing pro se plaintiff's complaint because it failed to reasonably inform the adverse party of the cause of action).

Here, the thirty-seven page Complaint contains no jurisdictional statement, and fails to state plainly how Plaintiff believes she is entitled to relief, as required by Rule 8(a).  Furthermore, the Complaint does not contain numbered paragraphs, as required by Rule 10(b).  Rather, the Complaint is a rambling, frequently repetitive narrative that is extremely difficult to follow.  Therefore, the Complaint should be dismissed for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Alternatively, the Court should enter an order pursuant to Fed. R. Civ. P. 12(e) requiring Plaintiff to amend her Complaint in order to make "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Fed. R. Civ. P. 12(e) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."

This is critical because, to the extent Plaintiff is advancing Title VII claims, she

11

must have filed a timely administrative claim with the employing agency and exhausted

her administrative remedies before filing a civil action in District Court.  Brown v.

General Services Administration, 425 U.S. 820, 832-33 (1976); See also Jarrell v. United

States Postal Service, 753 F. 2d 1088, 1091 (D.C. Cir. 1985) (a timely administrative

charge is a prerequisite to initiation of a Title VII action in District Court); McKenzie v.

Sawyer, 684 F. 2d 62, 72 (D.C. Cir. 1982) (a crucial feature of the plaintiff's case is a

showing that the alleged Title VII charge is timely); Cones v. Shalala, 945 F.Supp. 342,

348 (D.D.C. 1996) (failure to pursue administrative claims bars subsequent federal court

action).[5]

Plaintiff's Complaint lacks the necessary specificity to enable Defendant to

understand the nature of the claims against him.  Rather, the Complaint contains a

rambling, non-cohesive narrative, the "Discovery/Background" section of the Complaint,

which is interwoven with what Plaintiff purports to be e-mail communications between

Plaintiff and her supervisors, followed by a section captioned "Remedy Requested," in

which Plaintiff sets forth a number of remedies that she is not entitled to under Title VII.

If the Court does not grant this Motion it will be exceedingly difficult for Defendant to

proceed with discovery, or even to prepare an answer to the Complaint, without a more

---

[5] For example, pursuant to authority delegated in Title VII, 42 U.S.C. § 2000e-16 (b), the EEOC has promulgated regulations governing the administrative process, including a series of time limits.  See 29 C.F.R. §1614.101, et. seq.  Under those regulations, an aggrieved federal employee must contact an EEO counselor within 45 days of the alleged discriminatory act or the effective date of the adverse employment action.  29 C.F.R. § 1614.105(a)(1).  If the matter is not resolved, then the aggrieved employee must file a formal written complaint with the agency that allegedly discriminated against her within 15 days of receiving the notice of the right to file a discrimination complaint provided for in 29 C.F.R. §§ 1614.105(d), (e) or (f).  See 29 C.F.R. § 1614.105(a)-(c).

definite statement of the specific alleged wrongful acts that serve as the bases of

Plaintiff's claims for relief.  See, e.g., October 18, 2005 Memorandum Opinion and

Order at 9, Clariett v. Rice, Civil Action No. 04-2250 (RJL), a copy of which is attached

as Ex. 1 (ordering plaintiff to file a more definite statement where the complaint is

"poorly organized, and frequently makes vague or conclusory statements" such that "it is

unclear whether plaintiff exhausted administrative remedies with respect to [certain] Title

VII claims").

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss

Plaintiff's Complaint, or, in the alternative, require Plaintiff to amend her Complaint such

that it sets forth a more definite statement of her claims

Respectfully submitted,

KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

Of Counsel:

CAROLYN D. JONES
Associate Legal Advisor

13

U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement
166 Sycamore Street, Suite 200
Williston, VT 05495
(802) 288-7644

## CERTIFICATE OF SERVICE

**I  HEREBY  CERTIFY** that on this <u>10th</u> day of <u>**November**</u>, 2005, a true and

correct copy of the foregoing Motion to Dismiss or for More Definite Statement, along

with the supporting papers and a proposed order, were served upon <u>pro se</u> Plaintiff,

**Marcia Hughes Cleveland**, by first class United States mail, postage prepaid, to:

**Marcia H. Cleveland**
**1602 Dickens Place**
**Upper Marlboro, MD 20774**

PETER S. SMITH,  D.C. Bar #465131
Assistant United States Attorney
United States Attorney's Office
Judiciary Center Building
555 4th Street, N.W., 10th Floor
Washington, D.C. 20530
(202) 307-0372