IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARCIA HUGHES CLEVELAND,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>MICHAEL CHERTOFF, Secretary,  )<br> U.S. Department of Homeland Security,  )<br>)<br>Defendant.  )  | Civil Action No. 05-1709 (GK) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND
COMPLAINT AND REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION TO DISMISS**

Defendant, through his undersigned attorneys, respectfully submits this memorandum in opposition to Plaintiff's Motion for Leave to Amend Complaint (Docket # 10) and in reply to Plaintiff's Response to Defendant's Motion to Dismiss or for More Definite Statement (Docket # 11). Plaintiff's motion for leave to amend her Complaint should be denied because the proposed amendment would be futile. Moreover, Plaintiff has not addressed, and thus has conceded, many of the points raised in Defendant's Memorandum of Points and Authorities in Support of his Motion to Dismiss. Plaintiff offers only a one-page response to Defendant's Motion to Dismiss, merely indicating the filing of a proposed amended complaint.

While Plaintiff, who had appeared in this case pro se, is now represented by counsel, the Court still lacks jurisdiction over certain of her claims and her proposed amended complaint fails to state a claim upon which relief may be granted.[1] Since Plaintiff merely has filed a clearer

---

[1] While Plaintiff's proposed amended complaint arguably has cured the problems that led Defendant to move in the alternative for a more definite statement, Plaintiff's amended complaint still is infirm and would have to be dismissed. The Court should, in the interest of judicial

expression of the same Complaint that Defendant already has demonstrated should be dismissed, Plaintiff's Motion is futile and the Court should grant Defendant's Motion to Dismiss.

## ARGUMENT

Pursuant to Rule 15(a), a party may amend a pleading once as of right prior to an opposing party's filing of a responsive pleading. Fed. R. Civ. P. 15(a). Here, Plaintiff has moved the Court for leave to file an amended complaint. While in that circumstance "leave shall be freely given when justice so requires," the Court should not allow Plaintiff to amend her Complaint if doing so would be futile. See James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996), *cert. denied*, 519 U.S. 1077 (1997) ("Courts may deny a motion to amend a complaint as futile ... if the proposed claim would not survive a motion to dismiss."); see also 3 Moore's Federal Practice § 15.15[3], at 15-48 (1999) ("Courts will not grant leave to amend ... when the proposed amendment is legally insufficient and it would be futile to grant leave to amend.").

Plaintiff's proposed amendment would be futile because Defendant's Motion to Dismiss or for More Definite Statement would resolve this case were that Motion granted by the Court. Defendant's Motion explained that the Court lacks jurisdiction over certain of Plaintiff's claims and that Plaintiff has failed to state a claim upon which relief may be granted. Just as in her initial Complaint, Plaintiff's proposed amended complaint fails to include any explanation of how Plaintiff has exhausted her claims administratively, includes issues such as Defendant's

---

economy and efficiency, deny Plaintiff's motion to amend and decide Defendant's Motion to dismiss. Otherwise, the parties simply would face another round of briefing on Plaintiff's amended complaint.

2

alleged failure to make payments on Plaintiff's student loan and other claims over which the Court lacks jurisdiction.

First, Title VII does not cover student loan repayment. Plaintiff, if successful, would be entitled only to such relief as would make her whole for injuries that she suffered as a result of certain sorts of employment discrimination by the Defendant. See Albermarle Paper Company v. Moody, 422 U.S. 405, 418-419 (1975); Frank v. Bowen Transportation Company, 424 U.S. 747, 784 (1976). Similarly, Plaintiff offers no basis for the Court to exercise jurisdiction over her claims that she has been denied a "desk audit," Compl. at ¶ 5,

Second, Plaintiff's proposed amendment would be futile because it fails to state a claim and thus would not withstand a motion to dismiss. In a recent case in this District, the court noted that:

> The premise that the *prima facie* case is not a pleading requirement does not preclude courts from exploring the plaintiff's *prima facie* case . . . [s]ince litigants may plead themselves out of court by alleging facts that establish defendants' entitlement to prevail, this Court should examine the plaintiff's *prima facie* case to inquire whether the FBI is entitled to victory . . . .Through this avenue, this Court can also probe whether the plaintiff can ever meet his initial burden to establish a *prima facie* case.

Rochon v. Ashcroft, 319 F.Supp.2d 23, 29 (D.D.C. 2004) (citations omitted) (dismissing Title VII claims under Rule 12(b)(6)).

Many of the allegations contained in Plaintiff's Complaint, even if true, are not adverse actions and thus should be dismissed under Rule 12(b)(6). To establish a prima facie case of discrimination under Title VII, a plaintiff must allege that (1) she is a member of a protected class; (2) she suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination. Brown v. Brody, 199 F.3d 446, 452, 455 (D.C. Cir. 1999). See

also <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973); <u>Texas Dep't of Community Affairs v. Burdine</u>, 450 U.S. 248, 252-53 (1981).  Similarly, to prevail on a claim for retaliation, a plaintiff must demonstrate that: (1) she engaged in a statutorily protected activity, (2) the employer took an adverse personnel action involving her; and (3) a causal connection existed between her activity and the employment decision.  <u>Brody</u>, 199 F.3d at 452; <u>Taylor</u>, 350 F.2d at 1292.

  To establish that she suffered an adverse employment action, Plaintiff must show "some . . . materially adverse consequences affecting the terms, conditions, or privileges of [his] employment or future employment opportunities such that a reasonable trier of fact could conclude that the plaintiff has suffered objectively tangible harm."  <u>Brody</u>, 199 F.3d at 457.  This Circuit has noted that the Supreme Court has defined a "tangible employment action" as "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."  <u>Id</u>. at 456 (citing <u>Burlington Industries, Inc. v. Ellerth</u>, 524 U.S. 742, 761 (1998)); <u>Taylor v. Small</u>, 350 F.3d 1286, 1293 (D.C. Cir. 2003) (same).  "Mere idiosyncracies of personal preference are not sufficient to state an injury."  <u>Id.</u>  Furthermore, "minor changes in work-related duties or opportunities do not constitute an actionable injury unless they are accompanied by some other adverse change in the terms, conditions or privileges of employment."  <u>Stewart v. Evans</u>, 275 F.3d 1126, 1135 (D.C. Cir. 2002) (holding that to establish adverse employment action in absence of dimunition in pay or benefits, plaintiff must show that tangible change in duties or working conditions constitute a material employment disadvantage); <u>Burke v. Gould</u>, 286 F.3d 513 (D.C. Cir. 2002).  See also <u>Holcomb v. Powell</u>, __ F.3d __ (D.C. Cir. January 10,

2006); Lester v. Natsios, 290 F.Supp.2d 11, 27-30 (D.D.C. 2003), appeal dismissed, 2004 WL 287128 (D.C. Cir. 2004) (holding that excessive scrutiny, denial of training opportunity, and allegedly unreasonable work assignments were not adverse actions). Similarly, dissatisfaction with duties, work assignments and even dissatisfaction with lateral reassignments were not actionable. Id. at 28 (citing Forkkio v. Powell, 306 F.3d 1127, 1130-31 (D.C. Cir. 2002)).

 Here, Plaintiff mentions a variety of actions in her proposed amended complaint that, even if true, cannot go forward. For example, Plaintiff mentions that she was "denied a desk audit," Compl. at ¶ 6; that she was not informed about a vacancy announcement for which no selection was ever made, Compl. at ¶ 7 (the "announcement in question was cancelled"), complains about her work schedule, Compl. at ¶¶ 8-9; alleges that the agency failed to make her student loan payments and tuition costs, Compl. at ¶¶ 10-11, says her supervisor called her "girl," Compl. at ¶ 12; claims that someone left a message on her cell phone, Compl. at ¶ 13; says that management asked her to provide medical documentation regarding her back surgery, Compl. at ¶ 15; alleges that she was reassigned from one section to another, Compl. at ¶ 18; and that agency staff was "rude" to her, Compl. at ¶ 21. Even if true, these alleged actions are not adverse and thus should be dismissed. Plaintiff's Motion to Amend her Complaint should be denied as futile since the proposed amended complaint is itself subject to dismissal.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to Amend Complaint should be denied and this Complaint should be dismissed for the reasons set forth in Defendant's Memorandum of Points and Authorities in Support of his Motion to Dismiss.

Respectfully submitted,

s/
_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

s/
_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

_____ s/
_____
PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

Of Counsel:

CAROLYN D. JONES
Associate Legal Advisor
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement
166 Sycamore Street, Suite 200
Williston, VT 05495
(802) 288-7644

6