UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARCIA HUGHES CLEVELAND,** ) <br> 1602 Dickens Place ) <br> Upper Marlboro, MD 20744 ) <br>         Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **MICHAEL CHERTOFF, Secretary,** ) <br> U.S. Department of Homeland Security, ) <br> Washington, D.C. 20528 ) <br>         Defendant. ) <br> ) | **Civil Action No.:** <br> **05-1709 (GK)** |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Comes now Plaintiff, Marcia Hughes Cleveland, by and through counsel, and files this first amended complaint against Defendant Michael Chertoff, Secretary, U.S. Department of Homeland Security.

**Jurisdiction and Venue**

1. This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. Section 1331 and 42 U.S. C. Section 2000e et seq. (Title VII).

2. Venue is proper in this court pursuant to 28 U.S.C. Section 1391(b) in that all or some events or omissions giving rise to Cleveland's claims occurred in this judicial district and Defendant may be found in this judicial district.

**Parties**

3. Plaintiff Marcia Hughes Cleveland (hereafter "Plaintiff" or "Ms. Cleveland"), a disabled African American female, is employed as a GS-2210-13 Information Technologist Specialist, with the U.S. Immigration and Customs Enforcement in the U.S. Department of Homeland Security.

4.      Defendant Michael Chertoff (hereafter "Defendant") is the Secretary for the U.S. Department of Homeland Security.

## Facts

5.      Ms. Cleveland is employed with the Department of Homeland Security as a GS-2210-13 Information Technology Specialist.  Ms. Cleveland was supervised by George Estes, a Caucasian male, until her retaliatory reassignment to Mary Lewis, an African American female.  Throughout her tenure, Ms. Cleveland consistently performed her job in a satisfactory manner.  Despite her performance, Ms. Cleveland has been subjected to disparate treatment and a hostile work environment due to her race and gender, and reprisal for protesting the actions of the Agency.

6.      Beginning in June 2004 and continuing to the present, Plaintiff has been denied a desk audit.  Plaintiff has long been performing at the GS-14 or GS-15 level without the appropriate pay and grade compensation levels.  Despite her requests for a desk audit, Agency management, Al Hudson, Cathy Merrill and George Estes (all Caucasian employees), has refused to provide her a desk audit.

7.      In June 2004, Plaintiff applied for a promotion under vacancy announcement 2003-DHS-ADS-31-1-TM.  Subsequent to July 7, 2004, the Agency failed to advise Plaintiff of the status of her candidacy for the position announced under vacancy announcement 2003-DHS-ADS-31-1-TM, and later failed to advise Plaintiff that multiple selections were made and the vacancy announcement in question was cancelled.  Ms. Cleveland applied for the position because she previously worked on a GS-14/15 level project called FPS.   Plaintiff later learned that positions were created outside the Merit Promotion System and appointments were given to Keith Jones as a GS-15 Deputy CIO

and Sue O'Hare as a GS-14 ADEX project manager.  Ms. Cleveland later learned that the agency promoted several Caucasian employees to GS-14 and GS-15 positions under the vacancy announcement.  After the Agency cancelled the vacancy, management continued to place Caucasian employees, Judy Duval and Tom Sauer, into supervisory positions from non-supervisory positions while not advertising the position.  Most of the individuals selected do not hold advanced college degrees (i.e. BA, BS or Masters) and were less qualified or equally qualified to Ms. Cleveland.  Most of the selectees were either Caucasian or male.  Agency officials also promoted individuals without a vacancy being advertised.

8.      In March 2005, management officials, Raj Vellore and Mary Lewis, denied Plaintiff's request to telecommute from home for medical purposes.  Plaintiff needed to work a revised work schedule because of a medically certified disability.

9.      In August 2004, management officials, Raj Vellore and George Estes, questioned and challenged Plaintiff about her work schedule or the hours during which she worked.

10.     The Agency maintains a program where certain employees are eligible for repayment of student loans.  As of September 2004, the agency failed to approve Plaintiff's application for agency repayment of her federal student loan.  Management officials failed to or refused to properly process Plaintiff's paperwork for student loan reimbursement, while approving these benefits to male and Caucasian employees.

11.     The Agency also operates a program where certain employees are reimbursed for graduate school tuition costs.  As of September 2004, the agency failed to reimburse Plaintiff for her graduate school tuition costs.  Management officials failed to or refused

3

to properly process Plaintiff's paperwork for student loan reimbursement, while approving these benefits to male and Caucasian employees.

12.     In September 2004, Plaintiff's supervisor referred to Plaintiff in a derogatory manner and challenged her trustworthiness.  In March 2005, Plaintiff's supervisor, Mary Lewis, also used a demeaning and insulting term when speaking to her ("girl").  On September 30, 2004, Ms. Cleveland filed an EEO complaint against her employer on the basis of race, gender and disability.  Management's treatment of Ms. Cleveland intensified following the filing of her EEO complaint.

13.     On October 13, 2004, Plaintiff received a harassing and threatening anonymous telephone call, believed to be from a co-worker.

14.     Beginning in October 27, 2004, Plaintiff was treated in a disparate manner with respect to the degree to which management officials requested and required medical documentation from Plaintiff pertaining to a surgical procedure.  Management officials failed to or refused to require this information from similarly situated male and Caucasian employees.

15.     Effective March 2, 2005, Plaintiff was placed on an Absent Without Leave status, even though Plaintiff had provided medical documentation and made several phone calls to her supervisor.  Plaintiff was told by her supervisor that if she missed additional work she would have to be placed in a Leave Without Pay status.

16.     In March 2005, Plaintiff was informed that it was too late for her to file for Continuation of Pay relating to a workplace injury that occurred on September 23, 2004.

17. In 2005, the Agency assigned a contract employee the responsibility for handling sensitive personnel issues of federal employees, including some of Plaintiff's personnel issues.

18. In March 2005, Plaintiff became aware that she was reassigned from the Administrative Systems Section to the Financial Systems Section, which resulted in the minimization of her duties. Since the reassignment, she has only been given two assignments lasting approximately five weeks. The individual who was assigned her former responsibilities has been temporarily promoted to a GS-14 pay grade.

19. Plaintiff suffers from a disabling back condition which required surgery in 2005. In March 2005, Ms. Cleveland's orthopedic surgeon instructed Ms. Cleveland to work up to three hours from home as tolerated. On or about March 22, 2005, Plaintiff's supervisors, Mary Lewis and Raj Vellore, denied her request to telecommute from home three hours a day (modified work schedule), despite Plaintiff having provided Lewis with medical documentation from Plaintiff's physician. Plaintiff was also denied special equipment to assist her in performing her job with her medical condition. Ms. Cleveland submitted materials from her surgeon validating the request and signed two contracts related to the request.

20. There is no logical reason for the denial of her medical request. Other Caucasian employees are allowed to telecommute from home, with or without disabilities. Ms. Cleveland asserts that she was one of the few, if not the only employee required to sign a contract for such a medical request.

21. In March 2005, when Plaintiff contacted Tony Ashby, an individual in human resources about continuing in the voluntary leave program, he was rude to Plaintiff, and

when Plaintiff inquired about her rights under the Family and Medical Leave Act, he informed Plaintiff that she needed to fill out another set of paperwork even though she had already filled out similar paperwork in October 2004. Ashby told Plaintiff about being placed on AWOL and Ashby told Plaintiff she should have come to work without the medical documentation.

22. On or about April 12, 2005, Plaintiff's supervisor failed to grant Plaintiff official time for April 12 and 13, 2005, which was necessary to complete an affidavit for the investigation of Plaintiff's complaint, and as a result of this action, Plaintiff was forced to use annual leave and leave without pay in order to accomplish this tasks.

23. Between June 14 and July 12, 2005, Ms. Cleveland suffered three asthma attacks on the job, due to the environmental factors, as well as stress from being treated disparately in her work area. Following the second asthma attack Ms. Cleveland asked managers Raj Vellore and Mary Lewis if she could telecommute from a GSA telecommuting facility until her asthma was stable. Vellore stated Keith Jones would respond to her request. For four weeks, management failed to fully respond to Ms. Cleveland's request and did nothing to move Ms. Cleveland from the primary source of her asthma attacks.

24. Plaintiff filed an administrative complaint with the Agency, on or about December 15, 2004, which was subsequently amended on January 27, 2005.

25. Plaintiff contacted the Office of Special Counsel. An investigation was conducted which resulted in a referral to the MSPB for whistle blowing protection for reporting discrimination.

26. Plaintiff has exhausted all administrative remedies and is permitted to file a claim in federal court 180 days after the complaint is filed with the Agency.

## Count I

### Violation of Title VII of the Civil Rights Act of 1964
### 42 U.S.C. Section 2000e-2(a)

Plaintiff incorporates by reference paragraphs one through twenty-six as if fully stated herein.

27. Title VII of the Civil Rights Act of 1964 states it is an unlawful employment practice for an employer: (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. Title VII also prohibits retaliation against an employee who engages in protected activity.

28. At all pertinent times, the Defendant was an employer subject to provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-2(a).

29. At all pertinent times, Ms. Cleveland was an employee entitled to protection under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-2(a).

30. In violation of Title VII of the Civil Right Act of 1964, 42 U.S.C. Section 2000e-2(a), Defendant knowingly and intentionally subjected Ms. Cleveland to disparate treatment, and a hostile work environment, and engaged in unlawful discrimination based on race and gender, and reprisal, as detailed above in paragraph six through twenty-three. Wherefore, Ms. Cleveland prays as follows:

  A.  Issue a declaratory judgment that Defendant's practices toward Plaintiff were violative of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-2(a), et seq.;

  B.  Enjoin Defendant from discriminating against employees who report discriminatory practices under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-3(a);

  C.  Grant Ms. Cleveland compensatory damages, including back pay and front pay and all lost benefits, retroactive promotion to GS-14, step 4 with annual step increases, corrected performance appraisals to excellent, restoration of sick and annual leave, reassignment to GS 14 level projects, reimbursement of $1500 in back interest under the student loan repayment program, reimbursement for graduate school tuition, books and allowable expenses through 2006 and that she be allowed to telecommute as necessary against Defendant;

  D.  Award payment of all fees, costs, expenses, including attorney's fees and expert fees;

  E.  That the Court award Ms. Cleveland such other relief as to which she may be deemed entitled.

## Count II

### Violation of the Rehabilitation Act

Plaintiff incorporates by reference paragraphs one through twenty-six as if fully stated herein.

31. At all pertinent times, Defendant was an employer subject to the provisions of 29 U.S.C. Section 701 et seq., the Rehabilitation Act.

32. At all pertinent times, Ms. Cleveland was an employee with a history of a disability and was entitled to protection under the Rehabilitation Act.

33. The Rehabilitation Act prohibits an employer from discriminating against an employee with a disability which substantially limits a major life activity, and requires an employer to make reasonable accommodations for an employee with a disability. The Rehabilitation Act prohibits disability discrimination in federally funded programs.

34. In violation of the Rehabilitation Act, Defendant knowingly and intentionally discriminated against Ms. Cleveland by denying her medical request for a modified schedule and to telecommute, as is more fully detailed above.

35. As a direct and proximate result of the foregoing treatment, Ms. Cleveland has suffered and continues to suffer anguish, pain and embarrassment.

Wherefore, Ms. Cleveland prays as follows:

    A. That the court enter judgment against the Defendant;

    B. Grant Ms. Cleveland compensatory damages, and that she be allowed to telecommute as necessary against Defendant;

    C. Award payment of all fees, costs, expenses, including attorney's fees and expert fees;

    D. That the Court award Ms. Cleveland such other relief as to which she may be deemed entitled.

Respectfully submitted,

/s/
David A. Branch #438764
Law Offices of David A. Branch, PC
1825 Connecticut Avenue, NW #690
Washington, D.C. 20009
(202) 785-2805

**JURY TRIAL DEMAND**

## Certificate of Service

I hereby certify this 9th day of January 2006, that a copy of the foregoing Plaintiff's First Amended Complaint was sent to counsel for Defendant, listed below:

Peter S. Smith
Assistant U.S. Attorney
U.S. Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530

                                                                /s/
                                             David A. Branch