IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                              )
MARCIA HUGHES CLEVELAND,                      )
                                              )
          Plaintiff,                          )
                                              )
          v.                                  )
                                              )         Civil Action No. 05-1709 (GK)
MICHAEL CHERTOFF, Secretary,                  )
 U.S. Department of Homeland Security,        )
                                              )
          Defendant.                          )
_____)

## DEFENDANT'S MOTION TO DISMISS THE
## TITLE VII CLAIMS RAISED IN PLAINTIFF'S AMENDED COMPLAINT

Defendant Michael Chertoff, Secretary, United States Department of Homeland

Security, respectfully moves the Court, pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure, for an order dismissing certain of Plaintiff's claims in this action on the

grounds that they fail to state a claim upon which relief can be granted.  In support of this

Motion, Defendant submits the attached memorandum of points and authorities and a

proposed order.

                              Respectfully submitted,


                              _____/s/_____
                              KENNETH L. WAINSTEIN, D.C. BAR # 451058
                              United States Attorney


                              _____/s/_____
                              R. CRAIG LAWRENCE, D.C. BAR # 171538
                              Assistant United States Attorney


                              _____/s/_____
                              PETER S. SMITH, D.C. BAR # 465131
                              Assistant United States Attorney
                              United States Attorney's Office
                              Civil Division

555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

Of Counsel:

CAROLYN D. JONES
Associate Legal Advisor
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement
166 Sycamore Street, Suite 200
Williston, VT 05495
(802) 288-7644

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
MARCIA HUGHES CLEVELAND,                )
                                        )
         Plaintiff,                     )
                                        )
         v.                             )
                                        )      Civil Action No. 05-1709 (GK)
MICHAEL CHERTOFF, Secretary,            )
U.S. Department of Homeland Security,   )
                                        )
         Defendant.                     )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS THE TITLE VII CLAIMS
RAISED IN PLAINTIFF'S AMENDED COMPLAINT**

**INTRODUCTION**

Plaintiff Marcia Hughes Cleveland brings this case under Title VII of the Civil

Rights Act of 1964 as amended, 42 U.S.C. §2000e-16 and the Rehabilitation Act of 1973,

29 U.S.C. § 701 et seq.  Am. Compl. at ¶¶ 1, 31.  The Amended  Complaint also

discusses various other issues, including Defendant's alleged failure to make payments

on Plaintiff's student loan, Am. Compl. at ¶ 10, and alleged failure to pay for graduate

school tuition.  Am. Compl. at ¶ 11.  Ms. Cleveland also claims, inter alia, that she was

not selected for a position in which the vacancy announcement was cancelled and no

selection was made, Am. Compl. at ¶ 7, that a co-worker was "rude" to her, Am. Compl.

at ¶ 21, and that she was reassigned to a new position with the same pay and benefits but

that "resulted in the minimization of her duties."  Am. Compl. at ¶ 18.  As explained in

more detail below, with the possible exception of her disability claims,[1] Plaintiff has

_____

[1] This Memorandum does not address Plaintiff's allegations concerning medical
documentation and the agency's alleged failure to accommodate her disabilities.

failed to state a claim upon which relief can be granted.

## I.    ARGUMENT

### A.   Legal Standard of Review for Motion to Dismiss

Defendant moves to dismiss Plaintiffs' Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The Court may grant a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) if it is beyond doubt that a plaintiff can demonstrate no set of facts that supports her claim for relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000).  The Court is to treat the Complaint's factual allegations as true, see Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993), and must grant Plaintiff "the benefit of all inferences that can be derived from the facts alleged," Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979).

However, "the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by the facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions."  Akintomide v. United States, 99-MS-0055 (PLF), 2000 WL 1693739, at *1 (D.D.C. Oct. 31, 2000) (citing National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996); Kowal v. MCI Communication Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

### B.   Certain of Plaintiff's Title VII Claims Should Be Dismissed under Fed. R. Civ. P. 12(b)(6) Because the Alleged Wrongs Complained Of, Even If True, Do Not Constitute Adverse Personnel Actions.

Plaintiff is not required to prove a prima facie case of employment discrimination in order to survive a motion to dismiss.  See Swierkiewicz v. Sorema, 534 U.S. 506, 515 (2002) (involving discriminatory demotion and termination allegations); Sparrow, 216

2

F.3d at 1113 (involving discriminatory failure to promote and termination allegations). Nevertheless, the district court may explore the Plaintiff's prima facie case at this stage, see Rochon v. Ashcroft, 319 F.Supp.2d 23, 29 (D.D.C. 2004), appeal pending, (granting the defendant employer's motion to dismiss a Title VII retaliation claim for, inter alia, lack of an allegation amounting to a legally cognizable adverse action), in order "to probe whether the plaintiff can ever meet his initial burden to establish a prima facie case." Id. at 29; see also Brooks-Miller v. England, 357 F.Supp.2d 197, 201 n. 2 (D.D.C. 2004) (granting the defendant employer's motion to dismiss a Title VII retaliation claim because, inter alia, the plaintiff's lateral transfer to a front desk position did not amount to a legally cognizable adverse action). This is because "litigants may plead themselves out of court by alleging facts that establish [the] defendants' entitlement to prevail." Rochon, 319 F.Supp.2d at 29.  Also, while Title VII plaintiffs do not need to set forth the prima facie case as to each count to survive a motion to dismiss for failure to state a claim, they must present facts that would establish the elements of each claim.  Major v. Plumbers Local Union No. 5, 370 F.Supp.2d 118, 128-29 (D.D.C. 2005).  The Court may therefore assess the facts that the Plaintiff has alleged in her Complaint and conclude that unlike the demotion, failure to promote, and termination allegations at the heart of the plaintiffs' claims in Swierkiewicz and Sparrow, the types of allegations that Plaintiff makes here-- even when assumed to be true--do not amount to any legally cognizable adverse actions and therefore would not enable her to establish a prima facie case under Title VII.

In fact, many of the allegations contained in Plaintiff's Complaint, even if true, are not adverse actions and thus should be dismissed under Rule 12(b)(6).  To establish a prima facie case of discrimination under Title VII, a plaintiff must allege that (1) she is a

3

member of a protected class; (2) she suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination.  <u>Brown v. Brody</u>, 199 F.3d 446, 452, 455 (D.C. Cir. 1999).  <u>See also</u> <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973); <u>Texas Dep't of Community Affairs v. Burdine</u>, 450 U.S. 248, 252-53 (1981).  Similarly, a <u>prima facie</u> case of retaliation requires that (1) the plaintiff engaged in activity protected by Title VII; (2) the employer took an adverse employment action against the plaintiff; and (3) the adverse action was causally related to the exercise of plaintiff's rights.  <u>Holcomb v. Powell</u>, __ F.3d __ , 2006 WL 45853 at *10 (D.C. Cir. January 10, 2006) (citations omitted).

To establish that she suffered an adverse employment action, Plaintiff must show "some . . . materially adverse consequences affecting the terms, conditions, or privileges of [his] employment or future employment opportunities such that a reasonable trier of fact could conclude that the plaintiff has suffered objectively tangible harm."  <u>Brody</u>, 199 F.3d at 457.  This Circuit has noted that the Supreme Court has defined a "tangible employment action" as "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."  <u>Id</u>. at 456 (citing <u>Burlington Industries, Inc. v. Ellerth</u>, 524 U.S. 742, 761 (1998)); <u>Taylor v. Small</u>, 350 F.3d 1286, 1293 (D.C. Cir. 2003) (same).  "Mere idiosyncracies of personal preference are not sufficient to state an injury."  <u>Id</u>.

It is well established that "minor changes in work-related duties or opportunities do not constitute an actionable injury unless they are accompanied by some other adverse change in the terms, conditions or privileges of employment."  <u>Stewart v. Evans</u>, 275

4

F.3d 1126, 1135 (D.C. Cir. 2002) (holding that to establish adverse employment action in absence of dimunition in pay or benefits, plaintiff must show that tangible change in duties or working conditions constitute a material employment disadvantage); Burke v. Gould, 286 F.3d 513 (D.C. Cir. 2002).  See also Holcomb, supra.  In addition, dissatisfaction with duties, work assignments and even dissatisfaction with lateral reassignments were not actionable.  Forkkio v. Powell, 306 F.3d 1127, 1130-31 (D.C. Cir. 2002).  See also Lester v. Natsios, 290 F.Supp.2d 11, 27-30 (D.D.C. 2003), appeal dismissed, 2004 WL 287128 (D.C. Cir. 2004)  (holding that excessive scrutiny, denial of training opportunity, and allegedly unreasonable work assignments were not adverse actions).

Here, Plaintiff mentions a variety of actions in her Amended Complaint that, even if true, cannot go forward.  For example, Plaintiff mentions that she was "denied a desk audit," Am. Compl. at ¶ 6; claims that she was not informed about a vacancy announcement for which no selection was ever made, Am. Compl. at ¶ 7 (the "announcement in question was cancelled"),  complains about her work schedule, Am. Compl. at ¶¶ 8-9; alleges that the agency failed to make her student loan payments and tuition costs, Am. Compl. at ¶¶ 10-11, says her supervisor called her "girl," Am. Compl. at ¶ 12; claims that someone left a message on her cell phone, Am. Compl. at ¶ 13; says that management asked her to provide medical documentation regarding her back surgery, Am. Compl. at ¶ 15; alleges that she was reassigned from one section to another, Am. Compl. at ¶ 18; and alleges that agency staff was "rude" to her, Am. Compl. at ¶ 21. Even if true, these alleged actions are not adverse and thus should be dismissed.

1. Plaintiff's Lateral Reassignment Fails to State a Claim.

Plaintiff alleges that her lateral reassignment resulted in the "minimization" of her duties.  Am. Compl. at ¶ 18.  A plaintiff who is transferred and suffers no change in pay, grade level or benefits, must show an extraordinary reduction in responsibilities in order to create a triable issue.  The Court of Appeals recently found that a lateral reassignment[2] involving "[a]n extraordinary reduction in responsibilities that persist[s] for years" could be an adverse action.  Holcomb, 2006 WL 45853 at *11.  In Holcomb, the Court of Appeals found that plaintiff could survive summary judgment because a "desk audit revealed Holcomb was performing tasks commensurate with a Grade 5 position-six grades below Holcomb's Grade 11 Program Specialist position."  Id.  Here, Plaintiff was reassigned in "March 2005," less than a year ago.  Am. Compl. at ¶ 18.  Plaintiff's Amended Complaint does not indicate that she suffered the "extraordinary reduction in responsibilities" that led the Court of Appeals in Holcomb to deny the employer summary judgment on that issue.  Thus, Plaintiff's claim concerning her reassignment should be dismissed for failure to state a claim upon which relief may be granted.

2. Plaintiff's Non-Selection Claim Must be Dismissed Because the Vacancy Announcement to Which She Applied Was Cancelled.

Not surprisingly, an essential component of the prima facie case for a Title VII nonselection claim is a selection.  Plaintiff's Amended Complaint states that although Plaintiff applied for a vacancy, the vacancy announcement was cancelled.  Am. Compl.

---

[2] That is, one without any change in pay, grade level, or benefits.

at ¶ 7.[3]  "A plaintiff cannot establish a <u>prima facie</u> case if there was no vacancy or the position at issue was never filled."  <u>Olezene v. Ashcroft</u>, Civ. No. 04-0633 (January 18, 2005) (JDB) (citing <u>Stewart v. Ashcroft</u>, 352 F.3d 422, 428 (D.C. Cir. 2003)) (additional citation omitted).  A copy of Judge Bates' opinion in <u>Olezene</u> is attached for the Court's convenience as Ex. 1.

    3. <u>Harassment Must Be Severe and Pervasive to Be Actionable</u>.

    Plaintiff complains, <u>inter alia</u>, that a co-worker was "rude" to her, Am. Compl. at ¶ 21, that her supervisor called her "girl," Am. Compl. at ¶ 12, and that "on October 13, 2004, Plaintiff received a harassing and threatening anonymous telephone call."  Am. Compl. at ¶ 13.  In order to establish a <u>prima facie</u> case of hostile work environment (harassment), a plaintiff must offer evidence that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."  <u>Harris v. Forklift Systems, Inc.</u>, 510 U.S. 17, 21 (1993).  The Supreme Court reemphasized in <u>Faragher v. Boca Raton</u>, 524 U.S. 775, 788 (1998), that the standards for finding a hostile work environment are "sufficiently demanding to ensure that Title VII does not become a 'general civility code'" and that the conduct must be so extreme as to amount to a *change in the terms and conditions* of employment.  The

---

[3] Plaintiff's Amended Complaint confusingly states that: "the vacancy announcement in question was cancelled . . . Plaintiff later learned that positions were created outside the Merit Promotion System . . . the agency promoted several Caucasian employees to GS-14 and GS-15 positions under the vacancy announcement."  Am. Compl. at ¶ 7.  The Amended Complaint then repeats that the agency "cancelled the vacancy."  <u>Id</u>.  Plaintiff does not state that the "positions created outside the Merit Promotion System" were the same as the vacancy to which she applied.

Supreme Court directed the lower courts to determine whether an environment was sufficiently hostile or abusive by looking at the totality of the circumstances, including the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Faragher, 524 U.S. at 787-788 (quoting Harris, 510 U.S. at 23).

Here, Plaintiff identifies certain discrete events in her Amended Complaint that do not create a continuous pattern, nor were they severe enough to meet the standards established by the United States Supreme Court. Plaintiff's allegations that she was denied a desk audit in June 2004, Am. Compl. at ¶ 6, that on one occasion a co-worker was rude to her, Am. Compl. at ¶21, that on one occasion her supervisor called her "girl," Am. Compl. at ¶ 12, and that on "October 13, 2004, Plaintiff received a harassing and threatening anonymous telephone call," Am. Compl. at ¶ 13, are each isolated incidents. Plaintiff's Amended Complaint is clear that each of these events happened only once. Furthermore, Plaintiff's Amended Complaint is explicit that she does not know who placed the "harassing and threatening" phone call. Am. Compl. at ¶ 13 (referencing an "anonymous" caller). Moreover, to the extent that these alleged events even happened in the workplace, none of these alleged actions were so objectively severe, pervasive or offensive as to constitute a hostile work environment. Thus, Plaintiff's harassment claims should be dismissed.

   **C.    Plaintiff Cannot Raise a Retaliation Claim Based upon Conduct That Pre-Dates Her Protected Activity.**

Plaintiff's Amended Complaint states explicitly that on "September 30, 2004, Ms.

8

Cleveland filed an EEO complaint against her employer on the basis of race, gender and disability." Am. Compl. at ¶ 12. Thus, by definition, none of Plaintiff's allegations predating September 30, 2004 could have been in retaliation for her prior protected activity. Thus, any reprisal allegations predating September 30, 2004 fail to state a claim upon which relief may be granted.

A Title VII retaliation claim is dependent upon participation in a "protected activity," such as making a formal or even informal complaint of discrimination. See, e.g., Cruz v. Coach Stores, Inc., 202 F.3d 560, 566 (2d Cir. 2000) ("The term 'protected activity' refers to action taken to protest or oppose statutorily prohibited discrimination.").[4] In order to establish a *prima facie* case of reprisal, Plaintiff must show that (1) she engaged in statutorily protected activity; (2) the employer took an employment action adverse to plaintiff; and (3) there is a causal connection between the protected activity and the adverse employment action. Singletary v. District of Columbia, 359 F.3d 519, 524 (D.C. Cir. 2003); Mitchell v. Baldridge, 759 F.2d 80, 86 (D.C. Cir. 1985). Some courts have found that a plaintiff is not required to exhaust her administrative remedies with respect to certain sorts of claims of retaliation occurring after the filing of a formal administrative complaint. Marshall v. James, 276 F.Supp.2d 41, 54 (D.D.C. 2003).

---

[4] With respect to private employees, section 704(a) of Title VII, 42 U.S.C. 2000e-3(a), provides that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42.U.S.C. 2000e-3(a) (2004). Courts have held that this prohibition applies to actions brought by federal employees. See, e.g., Brown v. Brody, 199 F.3d 446 (D.C. Cir. 1999).

However, that circumstance is distinguishable from the situation in which a plaintiff alleges that the retaliatory act(s) occurred <u>prior to</u> the filing of her administrative complaint.  <u>Id.</u> (finding that plaintiff had failed to exhaust her administrative remedies with respect to a retaliation claim arising prior to her EEO complaint).  In that situation, retaliation claims that arose prior to the filing of an EEO complaint are "barred for failure to exhaust administrative remedies."  <u>Id.</u> at 55.

Since here Plaintiff did not file an EEO complaint of discrimination until September 2004, any prior events could not have been in reprisal for her EEO activity.  These earlier events would include the following allegations: denial of desk audit in June 2004 (Am. Compl. at ¶ 6); nonselection in July 2004 (Am. Compl. at ¶ 7); August 2004 work schedule dispute (Am. Compl. at ¶ 9); and the September 2004 student loan repayment and graduate school tuition issues (Am. Compl. at ¶¶ 10, 11).

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss the Title VII claims set forth in Plaintiff's Amended Complaint.

Respectfully submitted,

/s/
_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/
_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

/s/
_____
PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

Of Counsel:

CAROLYN D. JONES
Associate Legal Advisor
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement
166 Sycamore Street, Suite 200
Williston, VT 05495
(802) 288-7644

11