IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
MARCIA HUGHES CLEVELAND,                )
                                        )
            Plaintiff,                  )
                                        )
        v.                              )        Civil Action No. 05-1709 (GK)
                                        )
MICHAEL CHERTOFF, Secretary,            )
 U.S. Department of Homeland Security,  )
                                        )
            Defendant.                  )
_____)

## DEFENDANT'S REPORT OF LOCAL RULE 16.3 CONFERENCE

The undersigned has attempted to meet and confer with Plaintiff's counsel as contemplated under LCvR 16.3. For example, the undersigned left a message for Plaintiff's counsel on February 7, 2006 concerning this report. To date, Plaintiff's counsel has not returned that call. On February 9, 2006, the undersigned again called Plaintiff's counsel but could not reach him. Pursuant to the rules of this Court, Defendant submits this report regarding the issues set forth at LCvR 16.3.

Plaintiff Marcia Hughes Cleveland raises employment discrimination claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16, and the Rehabilitation Act of 1973, 29 U.S.C. § 791. Her Amended Complaint alleges, inter alia, that Plaintiff was not selected for a position, that she was "denied a desk audit," Am. Compl. at ¶ 6; that she was not informed about a vacancy announcement for which no selection was ever made, Am. Compl. at ¶ 7 (the "announcement in question was cancelled"), complains about her work schedule, Am. Compl. at ¶¶ 8-9; alleges that the agency failed to make her student loan payments and tuition costs, Am. Compl. at ¶¶ 10-11, says her supervisor called her "girl," Am. Compl. at ¶ 12; claims

that someone left a message on her cell phone, Am. Compl. at ¶ 13; says that management asked her to provide medical documentation regarding her back surgery, Am. Compl. at ¶ 15; alleges that she was reassigned from one section to another, Am. Compl. at ¶ 18; and states that agency staff was "rude" to her, Am. Compl. at ¶ 21.

1.  Case Scheduling: Defendant already has filed a motion to dismiss the Amended Complaint. The Court should rule on that motion prior to the start of discovery in this case so that discovery, if any, can be targeted to any claims that survive Defendant's motion, thus saving the parties and the Court time and resources that would otherwise be expended conducting discovery on allegations that fail to state a claim upon which relief may be granted.

2. Joinder/Amendment/Narrowing: Defendant does not anticipate the necessity to join third parties or to amend the pleadings.

3. Assignment To Magistrate Judge: Defendant does not consent to assignment of this case to a magistrate judge for all purposes.

4. Settlement Possibility: Defendant does not believe that settlement discussion are warranted until after the completion of discovery in this case, if any.

5. Alternative Dispute Procedures: At this time, Defendant does not believe that the case could benefit from the Court's ADR process.

6.  Dispositive Motions: Should the Court deny any part of Defendant's pending motion to dismiss, Defendant expects to file a dispositive motion upon the close of discovery in this case. Defendant suggests that any post-discovery dispositive motion should be filed within 45 days after the close of discovery, that any opposition to that motion should be filed within 14 days of the filing of the dispositive motion, and that any reply to the opposition should be filed within 14 days of the filing of the opposition.

7. <u>Initial Disclosures</u>: Defendant would agree to dispense with the initial disclosures authorized under F.R.Civ.P. 26(a)(1).

8. <u>Discovery</u>: Defendant proposes that should the Court set a discovery schedule for this case, that discovery should proceed in accordance with the attached proposed Scheduling Order. Any written discovery requests should be limited to 25 requests. Defendant proposes that the parties should be limited to 5 depositions each. Defendant does not believe that a protective order is necessary at this time, although it may be necessary for the parties to subsequently seek one.

9. <u>Experts</u>: Defendant does not anticipate the need for expert testimony.

10. <u>Class Action Procedures</u>:  Not applicable.

11. <u>Bifurcation of Discovery or Trial</u>: Defendant does not see any need for bifurcation at this time.

12. <u>Proposed Date For The Pretrial Conference</u>: Defendant believes that a pretrial conference should be set within 60 days following the close of discovery, or if a dispositive motion is filed, within 60 days following the ruling on such motion.

13. <u>Trial Date</u>: Should a trial be necessary in this case, Defendant proposes that the date should be set at the pretrial conference.

14. <u>Other Matters:</u> None.

                                    Respectfully submitted,

                                    /s/
                                    _____
                                    KENNETH L. WAINSTEIN, D.C. BAR # 451058
                                    United States Attorney

                                    /s/
                                    _____
                                    R. CRAIG LAWRENCE, D.C. BAR # 171538
                                    Assistant United States Attorney

/s/

_____

PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                                )
MARCIA HUGHES CLEVELAND,                    )
                                                                )
            Plaintiff,                                          )
                                                                )
            v.                                                  )            Civil Action No. 05-1709 (GK)
                                                                )
MICHAEL CHERTOFF, Secretary,                    )
  U.S. Department of Homeland Security,         )
                                                                )
            Defendant.                                      )
_____)

**INITIAL SCHEDULING ORDER**

UPON CONSIDERATION of the Defendant's Report of Local Rule 16.3 Conference

and the entire record herein, it is this _____ day of _____, 2004 hereby,

ORDERED that the parties shall abide by the following dates, deadlines and limitations:

Parties are limited to five depositions.

Parties are limited to serving 25 discrete interrogatories, requests for the production of documents and requests for admissions.

Deadline for written discovery requests 90 days from the date of this Order.

Close of all discovery 150 days from the date of this Order.

Deadline for filing dispositive motions 45 days after close of discovery.

| | |
|---|---|
| Deadline for filing opposition to dispositive motions. | 14 days after the filing of dispositive motions. |
| Deadline for filing reply to opposition to dispositive motions | 14 days after the filing of the opposition to dispositive motions. |

| | |
|---|---|
| Pretrial Conference | 60 days after Court rules on post-discovery dispositive motions |

IT IS SO ORDERED.


Date: _____          _____

UNITED STATES DISTRICT JUDGE