IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                              )
MARCIA HUGHES CLEVELAND,   )
                                              )
      Plaintiff,                    )
                                              )
     v.                        )      Civil Action No. 05-1709 (GK)
                                              )
MICHAEL CHERTOFF, Secretary,    )
 U.S. Department of Homeland Security,  )
                                              )
     Defendant.                )
_____)

## AMENDED JOINT REPORT OF LOCAL RULE 16.3 CONFERENCE

The parties have conferred in accordance with LCvR 16.3.  Pursuant to the rules of this Court, and submit this report regarding the issues set forth at LCvR 16.3.

Plaintiff's Statement of the Case:  Plaintiff Cleveland is an African American female and employed with the Department of Homeland Security as a GS-2210-13 Information Technology Specialist.  She alleges discrimination based on her race and gender and reprisal under Title VII, and a violation of the Rehabilitation Act.  According to Ms. Cleveland, she applied for a position and was told the position was cancelled but the Agency continued to promote Caucasian employees under the vacancy announcement; the Agency provided as a benefit of employment repayment of student loans and the Agency refused to repay her student loans while paying the loans of Caucasian employees; after she complained about the discriminatory treatment she was reassigned in March 2005 and since that time has only received five weeks of work.  She alleges disparate treatment and a hostile work environment due to a medical disability.

Defendant submits the following statement of the case:  Plaintiff Marcia Hughes Cleveland raises employment discrimination claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16, and the Rehabilitation Act of 1973, 29 U.S.C. § 791.  Her Amended Complaint alleges, <u>inter alia</u>, that Plaintiff was not selected for a position, that she was "denied a desk audit," Am. Compl. at ¶ 6; that she was not informed about a vacancy announcement for which no selection was ever made, Am. Compl. at ¶ 7 (the "announcement in question was cancelled"),  complains about her work schedule, Am. Compl. at ¶¶ 8-9; alleges that the agency failed to make her student loan payments and tuition costs, Am. Compl. at ¶¶ 10-11, says her supervisor called her "girl," Am. Compl. at ¶ 12; claims that someone left a message on her cell phone, Am. Compl. at ¶ 13; says that management asked her to provide medical documentation regarding her back surgery, Am. Compl. at ¶ 15; alleges that she was reassigned from one section to another, Am. Compl. at ¶ 18; and states that agency staff was "rude" to her, Am. Compl. at ¶ 21.

1. <u>Case Scheduling</u>: Plaintiff requests that the court proceed with placing the case on a scheduling track.  Defendant already has filed a motion to dismiss the Amended Complaint.  Defendant's position on scheduling is that the Court should rule on that motion prior to the start of discovery in this case so that discovery, if any, can be targeted to any claims that survive Defendant's motion, thus saving the parties and the Court time and resources that would otherwise be expended conducting discovery on allegations that fail to state a claim upon which relief may be granted.

2. <u>Joinder/Amendment/Narrowing</u>: Plaintiff seeks thirty days within which to add parties or amend her pleadings.  Defendant does not anticipate the necessity to join third parties or to amend the pleadings.

3. <u>Assignment To Magistrate Judge</u>: The parties do not consent to assignment of this case to a magistrate judge for all purposes.

4. <u>Settlement Possibility</u>: Plaintiff is interested in settlement of this case.  Defendant does not believe that settlement discussion are warranted until after the completion of discovery in this case, if any.

5. <u>Alternative Dispute Procedures</u>: Plaintiff requests mediation of this case.  At this time, Defendant does not believe that the case could benefit from the Court's ADR process.

6.  <u>Dispositive Motions</u>: Plaintiff does not believe that this case can be resolved by dispositive motion.  Defendant's position is that should the Court deny any part of Defendant's pending motion to dismiss, Defendant expects to file a dispositive motion upon the close of discovery in this case.  Defendant suggests that any post-discovery dispositive motion should be filed within 45 days after the close of discovery, that any opposition to that motion should be filed within 14 days of the filing of the dispositive motion, and that any reply to the opposition should be filed within 14 days of the filing of the opposition.

7. <u>Initial Disclosures</u>: The parties agree to dispense with the initial disclosures authorized under F.R.Civ.P. 26(a)(1).

8.  <u>Discovery</u>: The parties agree that should the Court set a discovery schedule, that the Court should allow 180 days for discovery in this case.  Plaintiff would follow the discovery limits set forth in the Federal Rules of Civil Procedure.  Defendant proposes

that should the Court set a discovery schedule for this case, that discovery should proceed in accordance with the attached proposed Scheduling Order. Any written discovery requests should be limited to 25 requests. Defendant proposes that the parties should be limited to 5 depositions each. Defendant does not believe that a protective order is necessary at this time, although it may be necessary for the parties to subsequently seek one.

9. <u>Experts</u>: The parties do not anticipate the need for expert testimony, although their positions may change during the course of discovery in this case.

10. <u>Class Action Procedures</u>:  Not applicable.

11. <u>Bifurcation of Discovery or Trial</u>: The parties do not see any need for bifurcation at this time.

12. <u>Proposed Date For The Pretrial Conference</u>: The parties believe that a pretrial conference should be set within 60 days following the close of discovery, or if a dispositive motion is filed, within 60 days following the ruling on such motion.

13. <u>Trial Date</u>: Should a trial be necessary in this case, Defendant proposes that the date should be set at the pretrial conference.

14. <u>Other Matters:</u> None.

               Respectfully submitted,

               /s/

               KENNETH L. WAINSTEIN, D.C. BAR # 451058
               United States Attorney

               /s/

               R. CRAIG LAWRENCE, D.C. BAR # 171538
               Assistant United States Attorney

/s/

PETER S. SMITH, D.C. BAR # 465131
Assistant United States AttorneyUnited States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

Counsel for Defendant

/s/

David A. Branch #438764
Law Offices of David A. Branch, PC
1825 Connecticut Avenue, NW #690
Washington, D.C.  20009
(202) 785-2805

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                              )
MARCIA HUGHES CLEVELAND,      )
                              )
        Plaintiff,            )
                              )
    v.                        )   Civil Action No. 05-1709 (GK)
                              )
MICHAEL CHERTOFF, Secretary,  )
 U.S. Department of Homeland Security, )
                              )
        Defendant.            )
_____)

## **DEFENDANT'S PROPOSED INITIAL SCHEDULING ORDER**

UPON CONSIDERATION of the Defendant's Report of Local Rule 16.3 Conference and the entire record herein, it is this _____ day of _____, 2006 hereby,

ORDERED that the parties shall abide by the following dates, deadlines and limitations:

Parties are limited to five depositions.

Parties are limited to serving 25 discrete interrogatories, requests for the production of documents and requests for admissions.

Deadline for written discovery requests 90 days from the date of this Order.

Close of all discovery180 days from the date of this Order.

Deadline for filing dispositive motions 45 days after close of discovery.

Deadline for filing opposition  14 days after the filing of dispositive  motions.

Deadline for filing reply to opposition          14 days after the filing of the
to dispositive motions                                    opposition to dispositive motions.

Pretrial Conference                                        60 days after Court rules on post-
                                                                       discovery dispositive motions

IT IS SO ORDERED.

Date: _____              _____
                                                                       UNITED STATES DISTRICT JUDGE