**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MARCIA HUGHES CLEVELAND,           :
                                   :
              Plaintiff,           :
                                   :
        v.                         :     Civil Action No. 05-1709
                                   :
MICHAEL CHERTOFF,                  :
                                   :
              Defendanat.          :

<u>SCHEDULING ORDER</u>

**PLEASE READ THIS ORDER IN ITS ENTIRETY**

This matter having come before the Court for an Initial Scheduling Conference, and the Court having considered the Joint Meet and Confer Statement submitted by counsel, as well as any supplemental pleadings that are relevant, the representations made in open court, and the entire record in the case, it is hereby

**ORDERED** that:

1.    This case shall proceed on **Standard Track** with the following schedule:

|  | Track One (Fast) | Track Two (Standard) | Track Three (Complex) |
|---|---|---|---|
| Exchange Witness Lists | 15 days | 30 days **5/1/06** | 60 days |
| Deadline for Written Discovery Requests* | 30 days | 45 days **5/15/06** | 90 days |

*This deadline includes any Rule 26(a) disclosure requirements which have not been fully satisfied.

| | | | |
|---|---|---|---|
| Proponent's R. 26 (a)(2) Statements | N/A | 60 days **6/15/06** | 120 days |
| Opponent's R. 26 (a)(2) Statements | N/A | 90 days **7/15/06** | 150 days |
| <u>All</u> discovery closed | 60 days | 120 days **9/1/06** | 210 days |
| Deadline for Filing Dispositive Motions | 75 days | 150 days **10/1/06** | 270 days |
| Pretrial Conference | 4 months | 6-7 months | 9 months |

2.  A further status conference is scheduled for **August 29, 2006 at 9:30 a.m.**  The parties must be prepared at the status conference to advise the Court of the expected length of trial and of the number of fact and expert witnesses that party will present. Trial counsel themselves must appear at all hearings, unless excused by the Court in advance of the hearing date.

3.  Every pleading shall indicate, immediately below the Civil Action No. in the caption, **the next-scheduled Court deadline**, such as a status conference, or pretrial conference, or trial date. Pleadings that do not contain such information will be, <u>sua</u> <u>sponte</u>, stricken from the record.

4.   Unless parties have been given leave to do so, **no** Opposition to a Motion shall include a new Motion.  Every Motion must be filed **separately** and **individually**.

5.  Every pleading signed by an attorney shall, in conformity with Local Civil Rule 5.1(e), contain the name, address, **telephone number**, fax number, and bar identification number of the attorney.

6.  Any motion that does not comply with Local Civil Rule 7.1(c) or (m) will be, <u>sua</u> <u>sponte</u>, denied.

7.  Every motion for continuance shall indicate the **date a pleading is due, the date requested for the continuance**, whether previous continuances have been granted, and whether the extension will impact any other court dates.  Failure to provide such information will result in denial of the motion.

8.  This case is referred to mediation to commence August 1, 2006.  Counsel, parties, and persons with settlement authority are directed to attend the mediation sessions.  The Clerk of the Court is directed to furnish a copy of this Order to the Circuit Executive for the purpose of assigning a mediator.

9.  The parties do not consent to proceed before a magistrate judge for all purposes, including trial.

10.  There will be no extensions of discovery, except for compelling reasons. Each party is limited to a maximum of 5 depositions and 25 interrogatories.

11.  Counsel shall confer in good faith in an effort to resolve any discovery disputes before bringing the dispute to the Court.  If counsel are unable to resolve the discovery dispute, counsel shall arrange a brief telephone conference with the Court

by contacting chambers.  Counsel shall **not** file a discovery motion without following the procedures set forth in this paragraph.

12.    No  discovery  motion  may  exceed  10  pages  in  length. Oppositions  may  not  exceed  10  pages  in  length;  replies  may  not exceed 5 pages.

13.    **Three weeks** in  advance  of  the  Pretrial  Conference, counsel  are  required  to  meet  and  prepare  a  **Joint**  Pretrial Statement, which is required to be submitted not less than **eleven days**  prior  to  the  Conference  in  accordance  with  Local  Civil  Rule 16.5(b).  The  form  for  the  Joint  Pretrial  Statement  is  attached hereto as Appendix A.  Separate Pretrial Statements will be struck, sua sponte.

14.  Motions  for  reconsideration  are  greatly  disfavored  and should not exceed 10 pages in length.  Motions in excess of these page  limits  will  be  struck,  sua  sponte.  Oppositions  may  not  exceed 10  pages  in  length;  replies  may  not  exceed  5  pages.    The  Court assumes  that  counsel  have  made  their  best  and  most  convincing arguments  in  their   first  round  of  briefing,  and  presumes  that motions  for  reconsideration  are  simply  a  repetition  and  reframing of  those  original  arguments.    "Only  if  the  moving  party  presents new  facts  or  a  clear  error  of  law  which  'compel'  a  change  in  the Court's  ruling  will  the  motion  to  reconsider  be  granted".    New  York v. United States, 880 F. Supp. 37,38 (D.D.C. 1995)(emphasis added).

15.    Counsel's attention is called to Appendix B, which contains five specific "guidelines" for the proper conduct of depositions under Fed. R. Civ. P. 30(d), prohibiting argumentative and suggestive objections, and requiring answers to all questions, regardless of objections except when necessary to preserve a privilege.  Violations of this rule will be sanctioned.

16.    Counsel are admonished to read the Circuit's opinion in Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, et al., 101 F.3d 145, 149-153 (D.C. Cir. 1996)(in upholding the trial court's implementation of the scheduling order entered at the beginning of the case and insisting on its reasonable observance during litigation, affirming the grant of summary judgment because of failures to comply with Local Rule 7.1(h)).

Date:  2/24/06           /s/_____
                         Gladys Kessler
                         United States District Judge

**5**

APPENDIX A

[Form of Joint Pretrial Statement to be Filed Eleven Days before
Pretrial Conference]

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**MARCIA HUGHES CLEVELAND,**          :
                                                         :
                    **Plaintiff,**          :
                                                         :
                    **v.**                         :          **Civil Action No. 05-1709**
                                                         :
**MICHAEL CHERTOFF,**                 :
                                                         :
                    **Defendanat.**      :

**JOINT PRETRIAL STATEMENT**

1.  **Parties and Counsel:**  Names, addresses, and telephone numbers
of all parties and counsel on whose behalf this Statement is
filed.

2.  **Nature of the Case:**  Give a brief statement describing the
nature of the case, the identities of the parties, and the basis
of the court's jurisdiction.  The statement of the case should be
sufficiently brief, clear, and non-argumentative to be suitable
for reading to the jury.

3.  **Claims and/or Defenses:**  Give a statement of claims setting
forth, concisely, each party's claims against any other party
(including counter-, cross-, and third-party claims) and the
party or parties against whom the claim is made.  The statement
of defenses shall set forth each defense a party interposes to a
claim asserted against it by any other party, including defenses
raised by way of general denial, without regard to which party
has the burden of persuasion.

4.  **Undisputed Issues/Stipulations:**  List all issues not in
dispute or facts to which the parties have stipulated.

5.  **Witness Schedule:**  List the name, address, and telephone
number of each witness scheduled to be called by a party,
including rebuttal witnesses.  The schedule shall also set forth
a brief description of the testimony to be given by the witness,
and an estimate of the time necessary for direct examination.

**6**

Opinion witnesses shall be designated by an asterisk.  Witnesses called for impeachment purposes only need not be listed.  However, no party may call at trial any witness not listed (except for impeachment purposes) on their Pretrial Statement.

6.  **Exhibit List:**  Describe each exhibit to be offered in evidence, with each exhibit identified by number, title, and date (if applicable).  No exhibit will be admitted at trial unless it is listed on the Pretrial Statement.  All exhibits listed will be deemed admitted at trial unless a specific objection is made in the Joint Pretrial Statement.

7.  **Deposition Testimony:**  Identify each deposition or portion thereof (by page and line numbers) the party intends to offer in evidence.  Any cross-designation sought by any other party must be made at or before the final Pretrial Conference.

8. **Relief Sought:**  Set forth separately each element of damages and the monetary amount claimed, including prejudgment interest, punitive damages, and attorneys' fees.  Do not include amounts claimed for intangible damages.  Set forth all other types of relief sought against any party.

9.  **Pending Motions:**  List all pending motions showing title and filing date.

10.  **Demonstrative Evidence, Physical Evidence, Videotapes:** Describe all such items to be offered at trial.  Any objections must be made in the Joint Pretrial Statement.

11.  **Jury Cases:**  Submit list of requested voir dire questions, showing those agreed upon and not agreed upon; submit list of standard instructions showing those agreed upon and not agreed upon; submit complete text of non-standard instructions with authorities relied upon; submit text of verdict form, including any special interrogatories.

12.  **Non-Jury Cases:**  Submit detailed proposed findings of fact and conclusions of law with supporting authorities.

13.  **Estimated Length of Trial:**  List number of days, and any scheduling problems with witnesses.

**14.  <u>Miscellaneous Matters</u>:**

     The following should be included after the signatures of counsel:

     The foregoing Joint Pretrial Statement, as revised at the Pretrial Conference in the presence of counsel, shall stand as the Pretrial Order in this case.


_____                    _____
DATE                                    Gladys Kessler
                                        U.S. District Judge

APPENDIX B

<u>DEPOSITION GUIDELINES</u>

1.    Counsel for the deponent shall refrain from gratuitous comments and directing the deponent in regard to times, dates, documents, testimony, and the like.

2.    Counsel shall refrain from cuing the deponent by objecting in any manner other than stating an objection for the record followed by a word or two describing the legal basis for the objection.

3.    Counsel shall refrain from directing the deponent not to answer any question submitted unless the question calls for privileged information.

4.    Counsel shall refrain from dialogue on the record during the course of the deposition.

5.    If counsel for any party of person given notice of the deposition believes that these conditions are not being adhered to, that counsel may call for suspension of the deposition and then immediately apply to the Court for an immediate ruling and remedy.  Where appropriate, sanctions will be imposed.

6.    All counsel are to conduct themselves in a civil, polite, and professional manner.

Judge Kessler
(Revised 3/26/97)