UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARCIA HUGHES CLEVELAND, )<br>1602 Dickens Place )<br>Upper Marlboro, MD 20744 )<br>   Plaintiff, )<br>)<br>  v. )<br>)<br>MICHAEL CHERTOFF, Secretary, )<br>U.S. Department of Homeland Security, )<br>Washington, D.C. 20528 )<br>   Defendant. )<br>) | Civil Action No.:<br>05-1709 (GK) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE TITLE VII CLAIMS IN PLAINTIFF'S FIRST AMENDED COMPLAINT**

  Comes now Plaintiff, Marcia Hughes Cleveland, by and through counsel, and files this opposition to Defendant's motion to dismiss the Title VII claims in Plaintiff's first amended complaint, and in support thereof states as follows.

Introduction

  Plaintiff's complaint alleges disparate treatment and a hostile work environment based on race, gender and disability and reprisal. Defendant has filed a motion to dismiss **some** of the Title VII disparate treatment claims in the amended complaint, and claims Plaintiff has not established a claim for a hostile work environment. Because Plaintiff has alleged disparate treatment for discrete acts, and these and the remaining acts are part of a continuous pattern of harassment, Plaintiff has stated a claim for disparate treatment and a hostile work environment. Defendant's motion is without merit and should be denied.

<u>A. Plaintiff's Title VII claims should not be dismissed because most of the incidents are adverse actions and the remaining claims which are not adverse actions are part of a continuous pattern of harassment/hostile work environment.</u>

Defendant argues that certain of Plaintiff's title VII Claims should be dismissed under Rule 12(b)(6) because the alleged wrongs do not constitute adverse personnel actions.  Defendant cites nine examples of actions listed in the Amended Complaint which it contends can not go forward. Mtn. at 5.  First, Defendant has taken many of the cited claims out of context and misstated the claims, i.e. Plaintiff mentions that she was "denied a desk audit;" Plaintiff claims she was not informed about a vacancy announcement for which no selection was ever made; Plaintiff complains about her work schedule;  Plaintiff alleges that the agency failed to make her student loan payments and tuition costs; Plaintiff says that management asked her to provide medical documentation regarding her back surgery.  In fact, Plaintiff alleged that she applied for a position, and selections were made without informing her, the vacancy announcement was later cancelled but the Agency continued to place Caucasian employees under that vacancy announcement. Am. Comp. at 7.  Plaintiff alleged that her request to telecommute was denied, even after it was made by her doctor.  Am. Comp. 8-9, 19-20.  Plaintiff alleges that as an employment benefit, the Agency provided student loan repayment and tuition reimbursement and this benefit was granted to Caucasian employees but denied to her. Am. Comp. 10-11.   Plaintiff alleges that she was placed on AWOL after she provided medical documentation.  Am. Comp. 15. Further, all of the actions mentioned above can constitute adverse employment actions because they involve "some  . . . materially adverse consequences affecting the terms, conditions, or privileges of employment or

2

future employment opportunities such that a reasonable trier of fact could conclude that the plaintiff suffered objectively tangible harm." See Brown v. Brody, 199 F.3d 446, 457 (D.C. Cir. 1999). Defendant does not cite any authority or case holding that any of the claims can not go forward. For the remaining claims, Plaintiff's contention is that they are part of the continuous pattern of harassment.

### B. Plaintiff has stated a claim for the lateral transfer.

Defendant next claims that Plaintiff's lateral reassignment fails to state a claim. Plaintiff alleged that she was reassigned in March 2005, and in the period of one year since the reassignment she has been given two assignments which lasted five weeks, and the individual who was given her former duties was temporarily promoted to a grade 14. Compl. At 18. Defendant contends that Plaintiff's Amended Complaint does not indicate that she suffered the extraordinary reduction in responsibilities that led the Court of Appeals in Holcomb v. Powell, ___ F.3d ___, 2006 WL 45853 (D.C. Cir. 2006), to deny the employer summary judgment on that issue. If the record establishes the facts as alleged by Plaintiff, and at this juncture the court is required to accept the claims as true, not only has Plaintiff presented sufficient evidence to survive a motion to dismiss, she has also presented sufficient evidence to survive a motion for summary judgment under Holcomb. Unlike the plaintiff in Holcomb who was given GS-5 clerical assignments over a period of two years when she was a GS-11 employee, Ms. Cleveland alleges that she has received two assignments which lasted only five weeks out of a year. She has had virtually no work for almost a year. This occurred six months after she filed her complaint. Defendant has not satisfied the standard to dismiss this claim under Rule 12(b)(6).

3

C.  Plaintiff has stated a claim for a cancelled vacancy announcement.

Defendant claims that a Plaintiff may not state a claim if a vacancy announcement is cancelled, citing Olezene v. Ashcroft, Civ. No. 04-0633, a case decided by Judge Bates, for the proposition that a plaintiff can not establish a prima facie case if there was no vacancy or the position at issue was never filled.  This case is not Olezene.  In Olezene, there was no question that the position was not filled.  Here, Plaintiff alleges that multiple selections were made under the vacancy announcement even though she was told the announcement was cancelled. Plaintiff has stated a claim.  Am. Comp. 7. Moreover, the Court of Appeals established in Cones v. Shalala, 199 F.3d 512, 516 (D.C. Cir. 2000), that a federal agency may not cancel a vacancy announcement and allow a lateral transfer to avoid selecting a minority candidate.  This is what Plaintiff has alleged and this states a claim.

D.      Plaintiff has stated a claim for a hostile work environment.

Defendant identifies three incidents alleged by the Plaintiff and concludes that there incidents were not objectively severe, pervasive or offensive as to constitute a hostile work environment.  Plaintiff's complaint at paragraphs 5 through 23 identifies no less that 10 incidents which she contends created a hostile work environment, including but not limited to supervisors referring to her as "girl" and in another derogatory manner; open hostility directed to her when she requested the same employment benefits given to Caucasian employees, including denying her an opportunity to telecommute while Caucasians were allowed to telecommute, even after her doctor requested it; refusing to allow her full participation in the student loan repayment and tuition reimbursement programs while extending these benefits to Caucasian employees; placing her on AWOL

4

and threatening leave without pay. Without further development of the record, including determining the motivation for some of the actions taken against Plaintiff, it can not be stated that Plaintiff can not state a claim for a hostile work environment.

Finally, Defendant claims that Plaintiff cannot raise a claim based upon conduct that pre-dates her protected activity. Plaintiff has not alleged that any retaliation occurred before she engaged in protected activity.

For these reasons, the motion to dismiss should be denied.

Respectfully submitted,

_____/s/_____
David A. Branch #438764
Law Offices of David A. Branch, PC
1825 Connecticut Avenue, NW #690
Washington, D.C. 20009
(202) 785-2805

## Certificate of Service

I hereby certify this 8th day of March 2006, that a copy of the foregoing Plaintiff's Opposition to Defendant's Motion to Dismiss was sent electronically to counsel for Defendant listed below.

Peter S. Smith
Assistant U.S. Attorney
U.S. Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530

_____/s/_____
David A. Branch

5

## Certificate of Service

I hereby certify this 9th day of January 2006, that a copy of the foregoing Plaintiff's First Amended Complaint was sent to counsel for Defendant, listed below:

Peter S. Smith
Assistant U.S. Attorney
U.S. Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530

>                              /s/
> David A. Branch