IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARCIA HUGHES CLEVELAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 05-1709 (GK) |
| MICHAEL CHERTOFF, Secretary, | ) | |
| U.S. Department of Homeland Security, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE TITLE VII CLAIMS RAISED IN PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff Marcia Hughes Cleveland brings this case under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000e-16 and the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. Am. Compl. at ¶¶ 1, 31. Defendant moved for partial dismissal of the Amended Complaint, arguing that, with the possible exception of her disability claims, Plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff's opposition, Document No. 22, claims that Plaintiff suffered a series of adverse actions and that other actions by Defendant created for her a hostile work environment. Pl. Opp. at 2. Plaintiff's primary argument is that Defendant "has taken many of the cited claims out of context and misstated the claims," Pl. Opp. at 2, focusing on whether her non-selection claim should go forward. Defendant set forth a comprehensive list of actions Plaintiff complained about with citations to the Amended Complaint. Given those citations, Defendant was hardly taking the claims "out of context." Moreover, Defendant's Memorandum, at note 2, quotes at length from

Plaintiff's Am. Compl. at ¶ 7.

Plaintiff argues that Defendant has misunderstood her claims about the non-selection, where she concedes the fact of the cancellation of a vacancy announcement for the position, as well as her allegations about a telecommuting request, her allegations about student loan repayments and her purported "AWOL" status.  Pl. Opp. at 2.  As Defendant's Memorandum explained in note 1, Defendant's Motion and Memorandum do not address Plaintiff's disability claims, which would appear from Plaintiff's Opposition to subsume the telecommuting issue and the AWOL status allegation.

Plaintiff's Amended Complaint is extremely confusing with respect to what she is claiming with respect to the cancellation of a vacancy announcement.  Plaintiff's Am. Compl. at ¶ 7, states that Plaintiff applied for a position that was advertised and that although "selections were made," the "vacancy announcement in question was cancelled."  Id.  Plaintiff's Am. Compl. goes on to say that Plaintiff "later learned that positions were created outside the Merit Promotion System."  Plaintiff's attempt to rewrite her Amended Complaint in her opposition should be rejected.  Plaintiff is represented by able counsel, who filed the Amended Complaint.  The law is clear that if no selection is made for the position to which a plaintiff applies, the plaintiff has not suffered an adverse action.  Olezene v. Ashcroft, Civ. No. 04-0633 (D.D.C. January 18, 2005) (JDB) (citing Stewart v. Ashcroft, 352 F.3d 422, 428 (D.C. Cir. 2003)) (additional citation omitted).

Plaintiff's Amended Complaint is confusing and seems internally inconsistent, stating alternatively that certain employees were promoted "under the vacancy announcement" and that the "vacancy announcement" was "cancelled."  Am. Compl. at ¶

2

7. Plaintiff also states that although the vacancy announcement was cancelled "management continued to place Caucasian employees . . . into supervisory positions." Id. If Plaintiff is claiming that Defendant "continued" to hire persons outside her protected group for positions to which she did not apply, or for which no selection was ever made, her claims must be dismissed. Olezene, supra.

Defendant moved to dismiss Plaintiff's reassignment claim on the basis that it could not be an adverse action.[1] Plaintiff alleges that since her reassignment, she has been given "only two assignments which lasted five weeks" and that another employee, who assumed her duties, received a temporary promotion. Pl. Opp. at 3 (citing Am. Compl. at ¶ 18). Defendant concedes that if the facts are as Plaintiff alleges, that she could survive a motion to dismiss with respect to this claim.

Plaintiff then argues that her remaining allegations state a claim for a hostile work environment. Pl. Opp. at 4. Plaintiff identifies ten incidents in her Amended Complaint that she believes create a hostile work environment. Id. Many of these incidents are the same as, and form the basis for, Plaintiff's discrete claims such as the student loan repayment issue, desk audit, AWOL status, etc. In addition, according to Plaintiff's Opposition, Plaintiff's supervisor called her "girl." Pl. Opp. at 4; Am. Compl. at ¶ 12. Plaintiff's Opposition ignores a variety of other allegations Defendant addressed, such as

---

[1] It is well established that "minor changes in work-related duties or opportunities do not constitute an actionable injury unless they are accompanied by some other adverse change in the terms, conditions or privileges of employment." Stewart v. Evans, 275 F.3d 1126, 1135 (D.C. Cir. 2002) (holding that to establish adverse employment action in absence of diminution in pay or benefits, plaintiff must show that tangible change in duties or working conditions constitute a material employment disadvantage); Burke v. Gould, 286 F.3d 513 (D.C. Cir. 2002). In addition, dissatisfaction with duties, work assignments and even dissatisfaction with lateral reassignments are not actionable. Forkkio v. Powell, 306 F.3d 1127, 1130-31 (D.C. Cir. 2002).

whether "on October 13, 2004, Plaintiff received a harassing and threatening anonymous telephone call." Am. Compl. at ¶ 13.

First, it is not clear that a plaintiff can plead the same set of facts twice, claiming that the same set of facts that underlie her individual claims of disparate treatment also created a hostile work environment for her. Plaintiff has cited no authority for such a legal theory.

Second, a hostile work environment requires a plaintiff to show evidence that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993). Plaintiff never says that the certain discrete events in her Amended Complaint created a continuous pattern, nor were they severe enough to meet the standards established by the United States Supreme Court. Plaintiff's allegations that she was denied a desk audit in June 2004, Am. Compl. at ¶ 6, that on one occasion a co-worker was rude to her, Am. Compl. at ¶21, that on one occasion her supervisor called her "girl," Am. Compl. at ¶ 12, and that on "October 13, 2004, Plaintiff received a harassing and threatening anonymous telephone call," Am. Compl. at ¶ 13, are each isolated incidents. Plaintiff's Amended Complaint is clear that each of these events happened only once. Furthermore, Plaintiff's Amended Complaint is explicit that she does not know who placed the "harassing and threatening" phone call. Am. Compl. at ¶ 13 (referencing an "anonymous" caller). Moreover, to the extent that these alleged events even happened in the workplace, none of these alleged actions were so objectively severe, pervasive or offensive as to constitute a hostile work environment. Thus, Plaintiff's harassment

2

claims should be dismissed.

### C. Plaintiff Cannot Raise a Retaliation Claim Based upon Conduct That Pre-Dates Her Protected Activity.

Defendant's Memorandum noted that Plaintiff's Amended Complaint states explicitly that on "September 30, 2004, Ms. Cleveland filed an EEO complaint against her employer on the basis of race, gender and disability." Am. Compl. at ¶ 12. Thus, by definition, none of Plaintiff's allegations predating September 30, 2004 could have been in retaliation for her prior protected activity. Plaintiff's Opposition states merely that "Plaintiff has not alleged that any retaliation occurred before she engaged in protected activity." Pl. Opp. at 5.

However, Plaintiff's Amended Complaint contradicts Plaintiff's assertion. Defendant's Memorandum explained that since Plaintiff did not file an EEO complaint of discrimination until September 2004, the following could not have been in reprisal for her protected activity: denial of desk audit in June 2004 (Am. Compl. at ¶ 6); nonselection in July 2004 (Am. Compl. at ¶ 7); August 2004 work schedule dispute (Am. Compl. at ¶ 9); and the September 2004 student loan repayment and graduate school tuition issues (Am. Compl. at ¶¶ 10, 11).

### CONCLUSION

It would greatly help the parties streamline discovery in this case to have guidance from the Court as to those claims that cannot go forward. For this and the foregoing reasons, Defendant respectfully requests that the Court dismiss certain of the claims set forth in Plaintiff's Amended Complaint.

        Respectfully submitted,

/s/
_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/
_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

/s/
_____
PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

Of Counsel:

CAROLYN D. JONES
Associate Legal Advisor
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement
166 Sycamore Street, Suite 200
Williston, VT 05495
(802) 288-7644