IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARCIA HUGHES CLEVELAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1709 (GK) |
| ) | |
| MICHAEL CHERTOFF, Secretary, ) | |
| U.S. Department of Homeland Security, ) | |
| ) | |
| Defendant. ) | |

**STIPULATED PRIVACY ACT PROTECTIVE ORDER**

The parties, through undersigned counsel, hereby stipulate and agree that a Protective Order should be entered in this action consistent herewith, and request that the Court accordingly approve this Stipulated Privacy Act Protective Order pursuant to § 552a(b)(11) of the Privacy Act.

At least some of the records and information responsive to Plaintiff's interrogatories and document production requests in this case, or which the parties expect will be sought through deposition testimony, contain information that may be subject to the protections of the Privacy Act, 5 U.S.C. § 552a, et seq., including, for example, information in the personnel files of employees of the agency other than the Plaintiff, which includes but is not limited to social security numbers and dates of birth of persons other than the Plaintiff in this case. Information expected to be exchanged during the course of discovery in this case includes performance appraisals of persons other than the Plaintiff. The term "Protected Information" as used herein means documents, information, government records, or other materials that are subject to the provisions of this Order.

IT IS ORDERED that, Defendant shall be permitted to release Protected Information, subject to any objections or privileges, without the prior written consent of the individuals to whom such Protected Information pertains, subject to the conditions set forth below.

IT IS FURTHER ORDERED that, with respect to information related to any medical or emotional condition for which Plaintiff claims damages, Plaintiff has placed such information at issue and it is therefore not protected from disclosure.  Such records shall be produced by the Plaintiff, and any covered entity maintaining such records, as required to comply with the mandatory disclosure requirements under Rule 26(a)(1), or in response to formal discovery requests within the scope of Fed. R. Civ. P. 26(b)(1).  However, consistent with the limitations on disclosure of "protected health information" under applicable federal law, Plaintiff's medical records shall be disclosed and disposed of by Defendant as prescribed under ¶¶4 and 9 of this Protective Order.  This paragraph is intended to satisfy the requirement of a Court Order under 45 C.F.R. § 164.512(e)(1)(i).

**CONDITIONS**

Whenever counsel for Defendant believes that formal or informal discovery in this case, in whatever form, may reveal or has revealed Protected Information, the following procedures shall apply:

1. Counsel for Defendant shall designate the information as subject to this Order in a writing served upon counsel for Plaintiff.  To the extent feasible, the producing party will mark documents or materials containing Protected Information with the designation "CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER" or similar designation.  Upon request from the receiving party, counsel for the producing party will

promptly provide a written explanation of its basis for designating such material as being subject to the Protective Order, which explanation shall be sufficient to satisfy "good cause" as defined and interpreted under Fed. R. Civ. P. 26(c). If the receiving party disagrees with the statement of good cause, the receiving party shall provide a written rebuttal. If disagreements remain, the parties shall confer in good faith to resolve the dispute regarding a party's designation under this paragraph. This procedure must be followed before any motions seeking to resolve disputes related to this Protective Order are filed with the Court.

    2. Pursuant to Local Rule 5.2(a), the parties shall not file discovery materials, including interrogatories, answers thereto, document requests, responses thereto, requests for admission, responses thereto, or deposition transcripts, with the Clerk.

    3. If any party intends to file any motion, opposition, reply or any other filing prior to trial and attach thereto or set forth the relevant portion of information that Defendant has designated as subject to this Order, the parties shall file two copies of such filing ("Version One" and "Version Two") with the Clerk. Version One shall redact only the specific information designated pursuant to paragraph one of this Consent Order and shall be filed on the public record. Version Two shall contain no redactions and shall be filed in the Clerk's Office using the procedures and rules set forth in Local Civil Rule 5.1(j)(2)-(4) (or in the event of a change in the Local Rules, the procedures and rules then in effect for submitting materials to the Court under seal pursuant to a Protective Order). Should the parties agree in writing that Protected Information is contained only within irrelevant portions of documents, all Protected Information may be redacted from such documents and such redacted documents may be filed with the Court in lieu of filing under seal.

4. Except insofar as a person would have had access to Protected Information apart from this litigation in the normal course of business (as, for example, any doctor would have access to records he or she created, and certain of Defendant's employees would have access to particular records of Defendant in the ordinary course of Defendant's business), access to the material and information designated as subject to this Order shall be limited to the parties, counsel for the parties, paralegals, and expert witnesses in their employ, any other person mutually authorized by all counsel to examine such materials, or any other person authorized by the Court to have such access, authority for which may be sought by Plaintiff.  Any person having access to information subject to this Order shall be informed that it is confidential and subject to a non-disclosure Order of the Court.

5. Except as otherwise provided herein, no person having access to Protected Information shall reveal such information to any person not named in paragraph 4 without further Order of the Court or stipulation of the parties.

6. All individuals to whom documents which are subject to this Order are disclosed by Plaintiff or Plaintiff's counsel shall return any and all such documents and copies thereof in their possession to Plaintiff's counsel within 15 (fifteen) days of the termination of this litigation, including any appeals thereof, or when they are no longer assigned to or retained to work on this case, whichever comes earlier.

8. All documents and copies of documents designated as containing Protected Information shall be destroyed or returned to counsel for the producing party within sixty (60) days of the conclusion of all trial and appellate proceedings in this case.  If the documents are destroyed, the destroying party's counsel shall certify in writing within sixty-five (65) days of the

conclusion of the litigation that the documents have been destroyed.  With respect to records released by Plaintiff, including Plaintiff's medical records, any copies not required to be retained by Defendant under the Federal Records Act, 44 U.S.C. § 3101, and its implementing regulations, 36 C.F.R. § 1222.38, shall be destroyed within sixty (60) days of the conclusion of all trial and appellate proceedings in this case.

9.  This Order does not constitute a ruling on the question of whether any particular information or document is properly discoverable or admissible, and does not constitute a ruling on any potential objection to the discoverability of any document or information.

10.  Nothing contained in this Order shall be construed as precluding Plaintiff or Defendant from introducing Protected Information into evidence at the trial of this case.  If, however, such information is to be used at trial, the Court may determine and direct at that time the extent to which confidentiality shall be protected.  This Order is without prejudice to the rights of any party to make any evidentiary objections at trial.

11.  Any specific part or parts of the restrictions imposed by this Protective Order may be terminated at any time by a letter from counsel for the designating party to opposing counsel or by an Order of the Court.

12.  This Order shall not apply to documents that contain Classified information.

The Clerk shall provide copies of this Order by means of the Court's ECF system to all counsel of record.

Respectfully submitted,

| | |
|---|---|
| _____/s/_____<br>David A. Branch, Esquire<br>Law Offices of David A. Branch, PC<br>1825 Connecticut Avenue, N.W. #690<br>Washington, DC 20009<br><br>Attorney for Plaintiff Marcia Cleveland | _____/s/_____<br>KENNETH L. WAINSTEIN<br>D.C. BAR # 451058<br>United States Attorney<br><br>_____/s/_____<br>PETER S. SMITH, D.C. BAR # 465131<br>Assistant United States Attorney<br>United States Attorney's Office<br>Civil Division<br>555 4th Street, N.W.<br>Washington, D.C. 20530<br>(202) 307-0372<br><br>Attorneys for Defendant |

SO ORDERED: _____     Date:
                UNITED STATES DISTRICT JUDGE