IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARCIA HUGHES CLEVELAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1709 (GK) |
| ) | |
| MICHAEL CHERTOFF, Secretary, ) | |
| U.S. Department of Homeland Security, ) | |
| ) | |
| Defendant. ) | |

## STIPULATION OF SETTLEMENT AND DISMISSAL

THIS STIPULATION OF SETTLEMENT AND DISMISSAL is made this 1st day of December, 2006, between Plaintiff in the above-captioned case, Marcia Hughes Cleveland, and the Defendant, Michael Chertoff, in his official capacity as Secretary of the United States Department of Homeland Security ("Secretary").

WHEREAS, Plaintiff, Ms. Hughes Cleveland, has brought suit in the United States District Court for the District of Columbia, Civil Action No. 05-1709 (GK);

WHEREAS, the Secretary denies any liability to Ms. Hughes Cleveland in connection with her allegations as raised in this litigation or in any underlying administrative proceeding; and

WHEREAS, the parties wish to resolve the disputes that are the subject of this civil action without the expense and burden of further litigation;

NOW THEREFORE, Ms. Hughes Cleveland and the Secretary, intending to be legally bound, hereby enter into the following Stipulation of Settlement and Dismissal ("Stipulation"):

1. This Stipulation of Settlement is entered into by and between Ms. Marcia Hughes

Cleveland ("Plaintiff") and Michael Chertoff, Secretary of Homeland Security ("Defendant") to make full and final settlement of any and all matters raised, or which could have been raised, by Plaintiff in this action. Plaintiff agrees to accept the terms set forth herein in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatever kind and nature based upon her employment with the Defendant up to the date Plaintiff signs this Stipulation of Settlement, including but not limited to the claims asserted in the above-styled action. In particular, and without limitation, this settlement shall include all possible claims for damages, backpay, front pay, and other equitable relief by Plaintiff against Defendant, and claims for attorney's fees and costs incurred by Plaintiff in connection with the administrative Equal Employment Opportunity process, the District Court litigation process and any other proceedings involving the claims raised, or which could have been raised, in this action.

2. In order to resolve the matters in dispute without further administrative processes, litigation, expense, and delay, Plaintiff and Defendant agree as follows:

    a. By signing this Stipulation of Settlement, Plaintiff withdraws, with prejudice, the above-styled complaint of discrimination. This Stipulation of Settlement constitutes the full, final, and complete relief that Plaintiff may have for the conduct alleged in this civil action. In addition, Plaintiff agrees not to institute any other actions, charges, complaints, appeals, or other proceedings against the Defendant, with respect to any matter which arose or could have arisen and been brought in connection with the allegations covered by this Agreement, under Federal law, Federal or State statutes, or the Constitution of the United States or of a State, in either a Federal or State Court or administrative forum;

    b. By signing this Stipulation of Settlement, Plaintiff withdraws, with prejudice, all

2

other actions, charges, complaints, and appeals against the Defendant and his present or former employees or officers that are before this Court, the Equal Employment Opportunity Commission, or any other forum;

c.    Notwithstanding (f) below, by signing this Stipulation of Settlement, Plaintiff unconditionally releases the Defendant and his present and former employees, officers, agents, representatives, and all persons acting by, through, or in concert with any of those individuals, either in their official or individual capacities, for any and all liability which has arisen from the occurrences which are the subject matter of Plaintiff's complaint in this matter, or any other pending, existing, or putative cause of action against the Defendant of any sort whatsoever;

d.    By signing this Stipulation of Settlement, Plaintiff agrees to execute any and all other documents necessary to implement and effectuate the provisions of this Stipulation of Settlement;

e.    Plaintiff acknowledges that by virtue of this Stipulation of Settlement, Plaintiff is waiving rights and claims under various Federal laws, including, but not limited to, Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e, et seq., with respect to her underlying complaint;

f.    Plaintiff does not waive any rights or claims that may arise after the date on which this Stipulation of Settlement is signed;

g.    In consideration for the promises made herein, the Defendant will pay Plaintiff, Ms. Marcia Hughes Cleveland, the sum of $50,000 (fifty thousand dollars). Defendant also will pay Plaintiff's attorney, David A. Branch, the sum of $37,000 (thirty-seven thousand

dollars), which includes any costs, attorney's fees and expenses incurred by Plaintiff and her counsel in connection with this matter.

h.    Plaintiff will direct all inquiries from prospective employers to the Deputy Chief Information Office ("Deputy CIO"), Keith Jones, (or whoever may be acting in his place or may succeed him), Office of the Chief Information Officer, U.S. Immigration and Customs Enforcement, U.S. Department of Homeland Security, 801 I Street, N.W., Suite 700, Washington, DC, 20536, telephone (202) 732-2000. The Deputy CIO will respond to all employment inquiries, either verbally or in writing, by providing the dates of the Plaintiff's employment with U.S. Immigration and Customs Enforcement and the former Immigration and Naturalization Service, the positions held by Plaintiff and the performance ratings of record for the Plaintiff during her employment with U.S. Immigration and Customs Enforcement and the former Immigration and Naturalization Service. The Deputy CIO will provide no further information. It shall be the sole responsibility of the Plaintiff to direct prospective employers to the Deputy CIO or his successor or whoever may be acting in his absence.

i.    Defendant will laterally transfer Ms. Hughes Cleveland to an IT Specialist position within the ICE CIO's Office involving the Student and Exchange Visitor Information System ("SEVIS"). This Agreement will not change Ms. Hughes Cleveland's current grade level, pay and Federal employment benefits. In this position, Ms. Hughes Cleveland will receive technical direction from Robert Wilmore, Team Lead for the SEVIS Project. At the time of signing this Settlement Agreement, Plaintiff's first line supervisor will be Paul Martindale, Branch Director, FPS-SEVP Branch. Mr. Martindale reports to the

Director, System Development Division.

j.       Pursuant to this Agreement, Defendant will allow Ms. Hughes Cleveland to telecommute one day per five-day work week for a trial period of six months starting from the date of Ms. Hughes Cleveland's lateral transfer to the FPS-SEVP Branch. This trial telecommuting arrangement will in all respects comply with and be governed by the Department of Justice's telecommuting policies and regulations. Defendant is in the process of establishing its own telecommuting policies, and once those policies are adopted and implemented, Ms. Cleveland's telecommuting arrangement will need to comply with, and will be governed by, Defendant's telecommuting policies and regulations.

3.      This Stipulation of Settlement shall not constitute or be construed as an admission of liability or fault on the part of the Defendant or his officers or employees and is entered into by both parties for the purpose of compromising disputed claims and avoiding the expense and risk of further litigation.

4.      This Stipulation of Settlement may be used as evidence in a subsequent proceeding in which either of the parties allege a material breach of this Agreement. Plaintiff hereby agrees to indemnify and hold Defendant harmless from and against any and all loss, cost, damages or expenses including, without limitation, attorney fees incurred by the Defendant arising out of any breach of this Settlement Agreement by Plaintiff.

5.      Plaintiff acknowledges that her attorney has reviewed and explained the provisions of this Stipulation of Settlement to her and been provided sufficient time for this purpose.

6.      Plaintiff acknowledges that she has entered into this Stipulation of Settlement voluntarily and that the Defendant has not imposed any undue hardship, duress, or coercion in connection

5

with execution of this document.

7.  This Stipulation of Settlement entered into by the Defendant and Plaintiff together sets forth the entire agreement between the parties and fully supersedes any and all prior agreements or understandings between the parties pertaining to the subject matter hereof. This document cannot be altered, modified, withdrawn, rescinded, or supplemented in any manner after the date on which it is approved by the Court, unless mutually agreed in writing by the parties. Plaintiff and Defendant agree that neither party is bound by any representation, promise or inducement not set forth in this Agreement. This Agreement is a joint product and shall not be construed against either party on the grounds of sole authorship.

8.  This Stipulation of Settlement shall be binding upon Plaintiff, as well as Plaintiff's heirs, assigns, representatives, proxies, guardians, or any other person or entity acting on behalf of, or at the behest of, Plaintiff.

9.  Plaintiff expressly agrees not to use this Stipulation of Settlement, nor to permit any other person to use it, in any judicial or administrative proceeding as evidence of, or to attempt to prove the existence of, discrimination/reprisal or other adverse action or prohibited personnel practice, or in any other manner, except as provided by paragraph 4.

10. Each of the respective rights and obligations of the parties hereunder shall be deemed independent and may be enforced independently irrespective of any other rights and obligations set forth herein.

11. In case any provision of this Agreement should be held to be contrary to, or invalid under, the law of any country, state or other jurisdiction, such illegality or invalidity shall not affect in any way other provisions thereof, all of which shall continue, nevertheless, in full force

and effect; any provision which is held to be illegal or invalid in any country, state or other jurisdiction shall, nevertheless, remain in full force and effect in a country, state or jurisdiction in which such provision is legal and valid.

12. Execution of this stipulation shall constitute a dismissal of this action, with prejudice, pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure.

Plaintiff hereby executes this Stipulation of Settlement, acknowledging that its terms and conditions have been fully understood, that an adequate period of time has been afforded to allow for consideration of said terms and conditions, and that an opportunity has been afforded to consult with counsel.

Respectfully submitted,

_____
MARCIA HUGHES CLEVELAND
Plaintiff

_____
DAVID A. BRANCH
Law Offices of David A. Branch, PC
1825 Connecticut Avenue, N.W. #690
Washington, D.C. 20009
Counsel for Plaintiff

_____
JEFFREY A. TAYLOR
United States Attorney
D.C. BAR No. 498610

_____
RUDOLPH CONTRERAS
Assistant United States Attorney
D.C. BAR No. 434122

_____
PETER S. SMITH
Assistant United States Attorney
D.C. Bar No. 465131
Judiciary Center Building
555 4th St., N.W.
Washington, D.C. 20530
(202) 307-0372

Counsel for Defendant